**AMENDED VERIFIED COMPLAINT (No Discovery)**
**IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT**
**IN AND FOR SUMTER COUNTY, FLORIDA**
**Case No.: 2025CA000643AXMX**
**JED GRAHAM,**
Plaintiff,
v.
**ACOPIA, LLC;**
**PNC BANK, NATIONAL ASSOCIATION;**
**SALLIE MAE, INC.; and any and all SUCCESSOR ENTITIES, SERVICERS,**
**ASSIGNEES, OR TRANSFEREES**
(collectively, "DEFENDANTS"),
Defendants.

_____/

**AMENDED VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT, QUIET TITLE, TO COMPEL PRODUCTION OF ORIGINAL NOTE/PROOF OF STANDING, AND FOR DAMAGES FOR VIOLATIONS OF FEDERAL CONSUMER PROTECTION STATUTES**

Plaintiff, **Jed Graham** ("Plaintiff"), sues Defendants and alleges:

**I. INTRODUCTION AND NATURE OF ACTION**

1. This is an action arising from Defendants' failure and refusal to validate the alleged debt, produce the original promissory note, establish an unbroken chain of custody, or demonstrate legal standing to enforce any claimed interest in Plaintiff's property located at **6234 Danielson Loop, The Villages, Florida 32163** (the "Property").

2. Plaintiff seeks:
   a. A declaratory judgment that the alleged debt is invalid, unenforceable, and discharged due to Defendants' failure to validate and prove standing;
   b. Quiet title to the Property, free and clear of any mortgage, lien, or encumbrance claimed by Defendants;
   c. An order compelling production of the original promissory note with all endorsements/allonges and proof of standing;
   d. Statutory and actual damages for violations of **RESPA (12 U.S.C. § 2605), FDCPA (15 U.S.C. § 1692 et seq.), TILA (15 U.S.C. § 1601 et seq.), and Regulation F (12 C.F.R. Part 1006)**; and
   e. Such other relief as the Court deems just and proper.

3. Despite Plaintiff maintaining current payments on the alleged obligation, Defendants have failed and refused to comply with lawful requests and mandatory response requirements under federal law.

**II. JURISDICTION AND VENUE**

4. This Court has jurisdiction pursuant to **Fla. Stat. § 26.012**, and the amount in controversy exceeds $30,000.

5. Venue is proper in **Sumter County** pursuant to **Fla. Stat. § 47.011** because the Property is located in Sumter County and the cause of action accrued in Sumter County.

6. This action also involves federal statutory claims and related relief.

### III. PARTIES

7. Plaintiff is a natural person residing in Sumter County, Florida and is the record owner of the Property.
8. Defendant **Acopia, LLC** is, upon information and belief, the original lender/payee associated with the alleged promissory note and mortgage tied to the Property.
9. Defendant **PNC Bank, National Association ("PNC Bank")** is, upon information and belief, a claimed servicer and/or claimant of ownership/rights concerning the alleged note and/or mortgage, and has asserted the right to collect without producing required proof.
10. Defendant **Sallie Mae, Inc.** is, upon information and belief, an entity claiming or having claimed an interest in the alleged note and/or mortgage.
11. Any successor entities, servicers, assignees, trustees, or transferees claiming an interest are included as Defendants to resolve competing claims and clouds on title.

### IV. FACTUAL BACKGROUND AND GENERAL ALLEGATIONS
### A. Alleged Loan / Broken Chain of Custody

12. Upon information and belief, the alleged loan originated with Acopia, LLC. Plaintiff disputes that any valid, enforceable debt exists unless and until Defendants prove it with admissible evidence.
13. Under Florida's UCC (including **Fla. Stat. § 673.3011**), only a "person entitled to enforce" an instrument may enforce it.
14. Defendants have failed to provide evidence of lawful transfers, endorsements, allonges, recorded assignments, or an unbroken chain of custody sufficient to establish standing.

### B. Plaintiff's Administrative Process / Defendants' Failures

15. Plaintiff has maintained current payments while lawfully demanding validation and proof of standing.
16. Plaintiff sent Defendants multiple written requests and disputes, including **Qualified Written Requests** under **RESPA, 12 U.S.C. § 2605(e)** and debt validation demands under **FDCPA, 15 U.S.C. § 1692g**, by ORIGINAL or CERTIFIED mail.
17. Defendants' responses (if any) were deficient and failed to provide: the original note, a complete chain of custody, lawful validation, identity of the owner of the debt, and a complete accounting.

### C. Failure to Prove Standing

18. Defendants' continued attempts to collect or assert a right to enforce without producing competent proof constitutes unlawful conduct under applicable federal and state law.
19. The continuing failure to produce the original note and proof of standing creates an actual controversy requiring declaratory and equitable relief.

### V. COUNT I — DECLARATORY JUDGMENT (Fla. Stat. Ch. 86)

20. Plaintiff realleges paragraphs 1–19.
21. An actual, present controversy exists regarding the validity/enforceability of the alleged debt and Defendants' standing.

22. Plaintiff requests a declaration that:
   a. Defendants have not established standing under **Fla. Stat. § 673.3011**;
   b. The alleged debt is invalid and unenforceable unless properly validated and proven; and
   c. Defendants may not enforce any claimed interest without producing the original note and competent proof of standing.

## VI. COUNT II — QUIET TITLE (Fla. Stat. §§ 65.081–65.111)

23. Plaintiff realleges paragraphs 1–22.
24. Plaintiff holds legal and equitable title to the Property.
25. Defendants' claimed interest constitutes a cloud on title because Defendants have failed to demonstrate a valid enforceable debt and standing.
26. Plaintiff requests judgment quieting title in Plaintiff and declaring Defendants have no right, title, lien, or interest in the Property absent competent proof.

## VII. COUNT III — COMPEL PRODUCTION / PROOF OF STANDING

27. Plaintiff realleges paragraphs 1–26.
28. If Defendants claim any enforceable interest, they must produce the original note (with endorsements/allonges) and evidence establishing standing and chain of custody.
29. Plaintiff requests an order compelling Defendants to produce the original note and proof of standing within a time certain, and other appropriate relief.

## VIII. COUNT IV — RESPA (12 U.S.C. § 2605)

30. Plaintiff realleges paragraphs 1–29.
31. Plaintiff sent Qualified Written Requests pursuant to **12 U.S.C. § 2605(e)**.
32. Defendants failed to comply with RESPA response requirements and failed to provide the required information.
33. Plaintiff requests actual damages, statutory damages where applicable, and costs as permitted by law.

## IX. COUNT V — FDCPA / REGULATION F (15 U.S.C. § 1692 et seq.; 12 C.F.R. Part 1006)

34. Plaintiff realleges paragraphs 1–33.
35. Plaintiff timely disputed the alleged debt and requested validation under **15 U.S.C. § 1692g(b)**.
36. Defendants continued collection activity without providing proper verification/validation and in violation of Regulation F requirements.
37. Plaintiff requests statutory damages, actual damages, costs, and other relief allowed by **15 U.S.C. § 1692k**.

## X. COUNT VI — TILA (15 U.S.C. § 1601 et seq.)

38. Plaintiff realleges paragraphs 1–37.
39. Defendants failed to provide legally required disclosures and/or proof of lawful transfer or ownership notices where applicable, including under 15 U.S.C. § 1641(g).

## XI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Enter declaratory relief consistent with this Amended Complaint;

B. Quiet title to the Property in Plaintiff's favor, free and clear of any claimed interest not proven by competent evidence;

C. Compel production of the original promissory note and proof of standing/chain of custody;

D. Award statutory damages, actual damages, costs, and such other relief as permitted under RESPA/FDCPA/TILA/Regulation F and Florida law; and

E. Grant such other and further relief as the Court deems just and proper.

## XII. JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

## VERIFICATION

I, **Jed Graham**, declare under penalty of perjury under the laws of the State of Florida that I have read the foregoing **Amended Verified Complaint** and the facts stated in it are true and correct to the best of my personal knowledge, except as to matters stated on information and belief, and as to those matters, I believe them to be true.

Executed on December 16, 2025, in The Villages, Florida.

**Jed Graham, Plaintiff, Pro Se**

6234 Danielson Loop
The Villages, FL 32163
Phone: 864-993-1984
Email: jedgrahammd@gmail.com