**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

JED GRAHAM,

      Plaintiff,

                          Case No.: 5:26-cv-00054-AGM-PRL

v.

ACOPIA, LLC; PNC BANK, NATIONAL
ASSOCIATION; SALLIE MAE, INC.;
and any and all SUCCESSOR ENTITIES,
SERVICERS, ASSIGNEES, OR TRANSFEREES,

      Defendants.

_____/

## DEFENDANT, PNC BANK, NATIONAL ASSOCIATION'S AMENDED MOTION TO DISMISS PLAINTIFF'S AMENDED VERIFIED COMPLAINT

Defendant, PNC Bank, National Association ("**PNC**"), pursuant to Federal Rule of Civil Procedure 12(b)(6), moves this Honorable Court to dismiss the Plaintiff, Jed Graham's ("**Plaintiff**") Amended Verified Complaint [Dkt. No. 22] (the "**Amended Complaint**"), and in support thereof states as follows:

### BACKGROUND

On December 11, 2025, Plaintiff filed his original Verified Complaint in the Circuit Court of the Fifth Judicial Circuit in and for Sumter County, Florida against PNC, Acopia, LLC, Sallie Mae, Inc. and any successor entities, servicers, assignees, trustees, or transferees (collectively, "**Defendants**"). On December 16, 2025, Plaintiff filed his Amended Complaint against Defendants.

Plaintiff's Amended Complaint asserts six counts against Defendants for

1

4909-4259-8803.1

declaratory relief, quiet title free and clear of any liens, to compel production of the original promissory note and proof of standing, and for violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605 (the "**RESPA**"); the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "**FDCPA**"), and the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.* (the "**TILA**").

Plaintiff's claims are based on Defendants' alleged failure and refusal to validate a debt, produce the original promissory note, establish an unbroken chain of custody, or demonstrate legal standing to enforce any claimed interest in Plaintiff's property located at 6234 Danielson Loop, The Villages, Florida 32163 (the "**Property**"). Am. Complaint, at ¶ 1. Essentially, Plaintiff alleges that no valid, enforceable obligation on the promissory note or mortgage concerning the Property exists unless and until Defendants provide competent proof thereof. *Id.* at ¶ 13.

Plaintiff alleges that he sent Defendants Qualified Written Requests pursuant to RESPA and debt validation demands under the FDCPA, and that Defendants responses thereto were "deficient and failed to provide: the original note, a complete chain of custody, lawful validation, identity of the owner of the debt, and a complete accounting." Id. at ¶¶ 16, 17. Plaintiff's correspondence and PNC's Response thereto is attached as **Composite Exhibit A**.[1]

---

[1] Because the Amended Complaint references and relies on the correspondence provided in Exhibit A, the Court may consider it in connection with the instant Motion. *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002) ("Our Rule 12(b)(6) decisions have adopted the "incorporation by reference" doctrine under which a document attached to a motion to dismiss may be considered by the court without converting the motion into one for summary judgment only if the attached document is: (1) central to the plaintiff's claim; and (2)

2

## LEGAL STANDARD

To withstand a Rule 12(b)(6) motion, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint must plead more than labels or a formulaic recitation of the elements of a cause of action. *Twombly*, 550 U.S. at 555. The factual allegations "must be enough to raise a right to relief above the speculative level," *id.*, and cross "the line from conceivable to plausible." *Ashcroft*, 556 129 S. Ct. at 1950–51. "[C]onclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

## MEMORANDUM OF LAW

Plaintiff's Amended Complaint is due to be dismissed because it constitutes an impermissible shotgun pleading, and because Plaintiff otherwise fails to state any claim against PNC.

## I. The Amended Complaint Should be Dismissed as an Impermissible Shotgun Pleading.

The Amended Complaint is due to be dismissed as an impermissible shotgun pleading because it incorporates every prior count and allegation into every succeeding count. *See* Am. Compl. ¶¶ 23, 27, 30, 34, 38; *Keith v. DeKalb County*, 749 F.3d 1034,

---

undisputed.") (internal citation omitted). Plaintiff attached this correspondence to his original Complaint but failed to include them in his Amended Complaint. However, the above correspondence is referenced throughout the Amended Complaint and form the basis for all the Plaintiffs' claims for relief. For this reason, in ruling on the instant Motion, the Court may consider it. *See Horsley*, 304 F.3d at 1134.

4909-4259-8803.1

1045 n.39 (11th Cir. 2014) ("The complaint, through its incorporation into successive counts all preceding allegations and counts, is a quintessential 'shotgun' pleading—the sort of pleading we have been roundly condemning for 30 years.").

The Amended Complaint additionally constitutes a shotgun pleading as it is "a complaint that . . . is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1322 (11th Cir. 2015). Here, conclusory statements are rife within the Amended Complaint. See Am. Compl. ¶¶ 20-39. For example, in his FDCPA claim, Plaintiff alleges that he "timely disputed the alleged debt and requested validation," and that "Defendants continued collection activity without providing proper verification/validation and in violation of Regulation F requirements." *Id.* ¶ 35–36. Despite these conclusory statements, nowhere in the Amended Complaint does Plaintiff sufficiently allege how PNC was acting as a debt collector, nor does Plaintiff indicate any *collection* attempts made by any of the Defendants.

The Amended Complaint also constitutes a shotgun pleading because it "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland,* 792 F.3d at 1323. Here, all of Plaintiff's counts refer to all of the Defendants collectively, and none of the allegations are specific to PNC or any other Defendant. *See* Am. Compl., at ¶¶ 20–39.

Accordingly, the Amended Complaint is due to be dismissed as an impermissible shotgun pleading.

**II.    Plaintiff Fails to State a Claim Against PNC as a Matter of Law.**

    **A.    Count I and III fail to state a claim because Plaintiff is not entitled to declaratory relief nor is he entitled to an order compelling production of the original promissory note and proof of standing.**

The Amended Complaint seeks declaratory relief that the Defendants have not established standing, the alleged debt is invalid and unenforceable unless properly validated and proven, and that Defendants may not enforce any claimed interest without producing the original note and proof of standing. Am. Compl., at ¶ 22.

Since this action was removed to federal court, "Fed. R. Civ. P. 57 and the Declaratory Judgment Act give this Court jurisdiction to address the declaratory action." *Desoto Health & Rehab, L.L.C. v. Philadelphia Indem. Ins. Co.*, No. 209CV599FTM36SPC, 2010 WL 11507769, at \*2 (M.D. Fla. July 9, 2010). In analyzing a claim for declaratory relief, the discretion is with the court to make a declaration of rights. *See id* (citations omitted). And the "court must determine 'whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, or sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Id.* (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)).

Here, there is no substantial controversy or sufficient immediacy and reality to warrant the issuance of declaratory judgment. While Florida law generally requires a foreclosing party to produce the original note in a foreclosure suit, Florida law does

not impose a duty to produce these documents outside of a foreclosure proceeding. *See Esteves v. SunTrust Banks, Inc.*, 615 Fed. App'x 632 (11th Cir. July 8, 2015); *Countrywide Home Loans, Inc. v. Burnette*, 177 So. 3d 1032, 1033 (Fla. 1st DCA 2015) (holding the trial court erred in granting declaratory judgment that the statute of limitations bars enforcement of the promissory note and mortgage where the plaintiff did not allege enforcement or foreclosure was imminent but only that the defendant may claim some interest in the note or mortgage); *U.S. Bank Nat. Ass'n v. Clarke*, 192 So. 3d 620, 622 (Fla. 4th DCA 2016) ("The plaintiff's standing is a crucial element in any mortgage foreclosure proceeding and must be established at the inception of the lawsuit."). Thus, Plaintiff's request for declaratory relief should be dismissed because PNC has no obligation to produce the original promissory note or establish standing outside of a foreclosure proceeding.

For the same reasons, Count III is also due to be dismissed because Plaintiff is not entitled to an order compelling production of the note or proof of standing.

**B.      Count II fails to state a claim because Plaintiff fails to allege a cloud on title necessary to sustain a quiet title action.**

To sustain a quiet title action, a plaintiff must show "(1) it has legal title to the property and (2) another entity has an invalid claim to the title that (3) is a cloud on the plaintiff's title." *U.S. Bancorp v. Taharra Assets 5545, Inc.*, 378 So. 3d 630, 633 (Fla. 4th DCA 2024) (citations omitted). Further, a plaintiff "must show with clearness, accuracy, and certainty, not only the validity of his own title, but the invalidity or

4909-4259-8803.1

inferiority of the defendant's title or claim." *McDaniel v. McElvy*, 108 So. 820, 830 (Fla. 1926).

Here, Plaintiff fails to clearly articulate these elements. "Generally, a note or mortgage remains a valid and enforceable lien against property, and does not, as a matter of law, constitute a cloud on the property supporting a quiet title claim." *Dixon v. Green Tree Servicing, LLC*, No. 19-80022-CIV, 2019 WL 2866495, at *13 (S.D. Fla. July 3, 2019), *aff'd*, 859 F. App'x 373 (11th Cir. 2021) (citations omitted). However, "[a] mortgage may constitute a cloud on title if the debt has been paid or otherwise satisfied, but the lien has not been released." *Fontaine v. JP Morgan Chase Bank, N.A.*, No. 3:16-CV-1301-J-34MCR, 2017 WL 9398637, at *7 (M.D. Fla. July 26, 2017), *report and recommendation adopted as modified sub nom.*, No. 3:16-CV-1301-J-34MCR, 2017 WL 3725676 (M.D. Fla. Aug. 30, 2017). Critically, here, Plaintiff "do[es] not allege that the debt has been paid or otherwise satisfied. Therefore, the Mortgage cannot constitute a cloud on Plaintiff's title." *See id.*

Additionally, Plaintiff lacks standing to challenge the validity of any purported assignment and courts have routinely rejected the argument that any improper or unrecorded assignment of a note or mortgage creates a cloud on title. *See Bank of New York Mellon v. Lopez*, 408 So. 3d 773, 776 (Fla. 4th DCA 2025) (holding that non-parties to the endorsements of a note had no standing to challenge their validity); *Fontaine* 2017 WL 9398637, at *7 (holding a non-party to the assignment of a mortgage lacked standing to challenge it, and that "even an unrecorded and/or improper Assignment .

7

. . would not make the Assignment (or the Mortgage) a cloud on title"); *Roder v. RH Funding Co.*, No. 6:12-CV-1076-ORL-36, 2012 WL 6799690, at *4 (M.D. Fla. Dec. 10, 2012), *report and recommendation approved*, No. 6:12-CV-1076-ORL-36, 2013 WL 75278 (M.D. Fla. Jan. 7, 2013) (dismissing a quiet title claim because "any defect in the chain of title on the mortgage (whether occurring before or during the securitization process) does not undermine the mortgage itself").

Finally, Plaintiff's claim also fails to the extent it is based on the purported failure to provide proof of the validity of the mortgage and assignment. *See Lane v. Guar. Bank*, 552 F. App'x 934, 936 (11th Cir. 2014) (holding that the defendant banks' failure to respond to the plaintiff's "unilateral demands" for "proof of the validity of the mortgage and assignment" was "legally insufficient to create a cloud on their title").

Thus, Plaintiff's claim for quiet title is due to be dismissed with prejudice.

C.    **Count IV fails to state a claim under RESPA because the alleged QWR was not sent to the proper address, and it does not relate to loan servicing.**

To survive a motion to dismiss, Plaintiff must sufficiently allege that (1) PNC is a loan servicer; 2) PNC received a Qualified Written Request ("**QWR**") from Plaintiff; (3) the QWR relates to servicing of mortgage loan; (4) PNC failed to respond adequately; and (5) Plaintiff is entitled to actual or statutory damages. *Hudgins v. Seterus, Inc.*, 192 F. Supp. 3d 1343, 1348 (S.D. Fla. 2016) (quoting *Porciello v. Bank of Am., N.A.*, 2015 WL 899942, at *3 (M.D. Fla. Mar. 3, 2015)).

8

Here, Plaintiff falls far short of pleading the necessary elements. PNC does not dispute that it is the loan servicer, however, Plaintiff's Amended Complaint fails to sufficiently allege that PNC received a QWR from Plaintiff related to servicing of a mortgage loan. Rather, Plaintiff merely asserts, in a conclusory fashion, that "Defendants failed to comply with RESPA response requirements and failed to provide the required information." Am. Compl. ¶ 32.

Moreover, Plaintiff's RESPA claim against PNC fails because he did not send the alleged QWR to the proper address. A mortgage servicer's duties under RESPA to respond are not triggered where a servicer designates a particular address for receiving QWRs and the borrower fails to send the QWR to that address. *Bivens v. Bank of Am., N.A.*, 868 F.3d 915, 919 (11th Cir. 2017) ("If a servicer designates a particular address for receiving QWRs, Regulation X requires a borrower to mail a QWR to that address to trigger the servicer's duty to respond." Here, Plaintiff's alleged QWR was addressed to "PNC Bank, P.O. Box 1820, Dayton, OH 45401-1820." Ex. A. As is shown in PNC's response dated September 26, 2025, PNC's designated address to send a QWR is "PNC Bank, PO Box 8807, Dayton, OH 45401-8807." *Id.* Accordingly, since the alleged QWR was sent to an incorrect address, PNC's obligations under RESPA were not triggered.

Additionally, the alleged QWR does not relate to the servicing of Plaintiff's mortgage loan. "For a document to fall within the definition of a qualified written request under RESPA, the document must contain information that (i) shows why a plaintiff believes his or her loan account servicing was in error or (ii) seeks information

9

pertaining to the servicing of the loan." *Helman v. Udren L. Offs., P.C.*, 85 F. Supp. 3d 1319, 1331 (S.D. Fla. 2014) (citing§ 2605(e)). "Servicing" is defined by RESPA as "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan . . . and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." *Smith v. Bank of Am. Home Loans*, 968 F. Supp. 2d 1159, 1170 (M.D. Fla. 2013) (quoting 12 U.S.C. § 2605(i)(3)). Letters that merely dispute the validity of a debt "do not relate to servicing." *Id.* at 1170–71. Additionally, letters that "merely request[] copies of legal documents and proof of transfer" do not pertain to servicing. *Helman*, 85 F. Supp. 3d at 1331.

Here, Plaintiff's correspondence does not relate to the servicing of his loan, rather, Plaintiff merely requested copies of legal documents, proof of transfer, and proof that PNC is the servicer. Ex. A. Additionally, Plaintiff did not claim that his account was in error, and instead merely requested a "full and itemized accounting." *Id.* Accordingly, Plaintiff's correspondence to PNC does not qualify as a QWR because it did not relate to the servicing of his loan and Plaintiff's RESPA claim must be dismissed with prejudice.

**D.    Count V fails to state a claim under the FDCPA because PNC is not a "debt collector" and the correspondence referenced by Plaintiff does not constitute debt collection.**

To state a claim under the FDCPA, Plaintiff must allege that (1) he has been the object of collection activity arising from consumer debt, (2) PNC is a debt collector as defined by the FDCPA, and (3) PNC has engaged in an act or omission prohibited

10

4909-4259-8803.1

by the FDCPA. *Gnipp v. Bank of Am., N.A.*, No: 2:15-cv-99-FtM-29CM, 2016 WL 502013, at \*13 (M.D. Fla. Feb. 8, 2016) (quoting *Kaplan v. Assetcare, Inc.*, 88 F. Supp. 2d 1355, 1360-61 (S.D. Fla. 2000)). Plaintiff fails to state a claim against PNC for violation of the FDCPA because PNC is not a "debt collector" and even if it was, Plaintiff has failed to identify any debt collection activity. Moreover, to the extent Plaintiff is alleging that PNC's response to his "validation" constituted debt collection, that is insufficient to sustain a claim under the FDCPA because it was induced by Plaintiff.

A debt collector is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). "A debt collector does not include the consumer's creditors, a *mortgage servicing company*, or an assignee of a debt, as long as the debt was not in default at the time it was assigned." *Eke v. FirstBank Florida,* 779 F. Supp. 2d 1354, 1357 (S.D. Fla. 2011) (quoting *Belin v. Litton Loan Servicing, LP,* No. 8:06–cv–760–T–24 EAJ, 2006 WL 1992410, at \*2 (M.D. Fla. Jul. 14, 2006)) (emphasis added). "Indeed, the FDCPA expressly states that the term 'debt collector' does not include 'any person collecting or attempting to collect any debt (such as a loan servicer) to the extent such activity concerns a debt which was not in default at the time it was obtained by such person." *Hendrix-Smith v. JP Morgan Chase Bank N.A.*, No. 20-10831, 2021 WL 4059784, at \*3 (11th Cir. Sept. 7, 2021) (quoting 15 U.S.C. § 1692a(6)(F)) (holding that the bank that

11

became the servicer of the loan prior to default was excluded from the debt collector definition).

Here, as Plaintiff's Amended Complaint provides, PNC is the loan servicer. *See* Am. Compl., at ¶ 9. Plaintiff has not—and cannot—allege that the loan was in default at the time PNC began servicing the loan. Thus, Plaintiff has failed to show that PNC is a "debt collector" within the meaning of the FDCPA.

Even supposing PNC was a debt collector, Plaintiff's Amended Complaint fails to identify any "debt collection" activity by PNC. Instead, Plaintiff's FDCPA claim constitutes nothing but conclusory statements—such as alleging the "Defendants continued collection activity without providing proper verification/validation as required by the FDCPA"—upon which a sufficient FDCPA claim may not be based. *See Farquharson v. Citibank, N.A.*, Case No. 6:15-cv-211-Orl-37KRS, 2015 U.S. Dist. LEXIS 185975, at *6 (M.D. Fla. Oct. 13, 2015) ("Setting aside this conclusory allegation, which merely tracks the language of the FDCPA, the Amended Complaint is otherwise devoid of any facts that demonstrate that these Defendants violated the FDCPA."). Moreover, to the extent Plaintiff is alleging that PNC's response to his debt validation demands constitutes collection activity, that is insufficient because "letters sen[t] in response to correspondence or an inquiry from a debtor are communications induced by the debtor and not the debt collector. Thus, they do not fall within the ambit of the FDCPA." *Dyer v. Select Portfolio Servicing, Inc.*, 108 F. Supp. 3d 1278, 1283 (M.D. Fla. 2015).

Therefore, Plaintiff's FDCPA claim is due to be dismissed with prejudice.

**E.    Count VI fails to state a claim under TILA against PNC because PNC is not subject to TILA's notice requirement.**

Section 1641(g) of TILA "requires that, within '30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer.'" *Giles v. Wells Fargo Bank, N.A.*, 519 F. App'x 576, 578 (11th Cir. 2013) (quoting 15 U.S.C. § 1641(g)(1)). "Based on its plain language, section 1641(g)'s disclosure obligation is triggered only when ownership of the 'mortgage loan' or 'debt' itself is transferred." *Id.*

Here, as Plaintiff himself alleges, PNC was merely transferred servicing rights. *See* Am. Compl., at ¶ 9. Accordingly, to the extent Plaintiff is alleging PNC violated TILA, Plaintiff fails to state a claim.

WHEREFORE, PNC respectfully requests this Honorable Court grant the instant Motion, dismiss the Amended Complaint with prejudice, and grant any other relief this Court deems necessary and just.

Respectfully Submitted:

*/s/ Lauren G. Raines*
**Lauren G. Raines | FBN: 11896**
Primary Email: lraines@bradley.com
Secondary Email: jbrandt@bradley.com
**Jessica Noelle Faucher | FBN: 1070452**
Primary Email: jfaucher@bradley.com
Secondary Email: mphilippe@bradley.com
**BRADLEY ARANT BOULT CUMMINGS LLP**
1001 Water Street, Suite 1000
Tampa, Florida 33602-5468
T: (813) 559-5500 | F: (813) 229-5946
*Counsel for Defendant, PNC Bank, N.A.*

13

14

## LOCAL RULE 3.01(g) CERTIFICATE

Pursuant to Local Rule 3.01(g), undersigned counsel certifies that she conferred with Plaintiff via e-mail in a good faith effort to resolve the arguments raised in this motion, and the Plaintiff opposes the motion.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 19, 2026, a true and correct copy of the foregoing was filed via PACER Federal Court Filing System, which will generate and send an electronic copy to all counsel and parties of record, and was served by email on the following party:

Jed Graham, Pro Se Plaintiff
jedgrahammd@gmail.com


                                                     /s/  Lauren G. Raines
                                                         **ATTORNEY**

14

4909-4259-8803.1