IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

JED GRAHAM

       Plaintiff,                             Case No.: 5:26-cv-00054-AGM-PRL

vs.

ACOPIA, LLC; PNC BANK NATIONAL
ASSOCIATION; SALLIE MAE, INC.;
and any and all SUCCESSOR ENTITIES,
SERVICERS, ASSIGNEES, OR TRANSFEREES,

       Defendants.
_____/

### DEFENDANT, ACOPIA, LLC'S MOTION TO DISMISS SECOND AMENDED COMPLAINT WITH INCORPORATED MEMORANDUM OF LAW

Defendant, Acopia, LLC ("Acopia"), by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 12(b)(1) & (6), respectfully moves this Honorable Court to dismiss Plaintiff, Jed Graham's ("Plaintiff" or "Graham") Second Amended Complaint (D. E. 33) (the "Complaint"). and in support thereof states as follows:

## I.       Introduction

Plaintiff has brought a 71 paragraph, four count Complaint, for (i) a declaratory Judgment against all defendants in Court I ("Count I" or the "Declaratory Judgement Count"), (ii) for quiet title against all defendants in Court II ("Count II" or the "Quiet Title Count"), (iii) for violations of the Real Estate Settlement Procedures Act, 12 U.S,C. §2601(b) ("RESPA"), against Acopia and Defendant, PNC Bank, N.A. ("PNC") ("Count III" or the "RESPA Count"), and for violations of the Truth In Lending Act, 15 U.S.C. §1641(g) ("TILA") against just Defendant, PNC ("Count Iv" or the "TILA Count")[1] all related to a loan, note and mortgage that Acopia no longer owns nor services, and has in fact disclaimed

---

[1] Since Count IV is plead just against PNC and not Acopia, there is no need for Acopia to address Count IV in this motion to dismiss.

any interest it had or might have.[2]

## II.      Motion to Dismiss

The Complaint, as plead, fails to state any claim against Acopia for multiple independent reasons: (1) Plaintiff fails to adequately allege specific actionable conduct by Acopia in Counts I and II; (2) Count III fails to adequately plead actual damages, or the requisite pattern-of-practice for statutory damages under 12 U.S.C. §2605(f); and (3) Plaintiff's claim for attorney's fees, under ¶65 of Count II, and ¶F of its Prayer for Relief, is legally unavailable because Plaintiff is proceeding pro se and is not an attorney.

## III.      Facts Alleged As They Relate To Acopia

All that Plaintiff has plead against Acopia is (i) that it is the original lender and payee on Plaintiff's February 2, 20222 Promissory Note (the "Note")[3], (ii) who assigned internal account #1001212046 upon boarding the loan[4], (iii) that the Mortgage pledged as collateral on Plaintiff's real property with an address of 6234 Danielson Loop, The Villages, Florida 32163, securing the Note names Mortgage Electronic Registration System ("MERS") solely as nominee for Acopia[5], (iv) that Plaintiff made all of its loan payments prior to Acopia's transfer of its serving to PNC on January 1, 2025 to Acopia's contractual sub-servicer, and not to Acopia[6]. (v) that Plaintiff has always been current, and never delinquent, on the loan[7], (vi) that Acopia, sent a single servicer transfer notice to Plaintiff, which he alleges he never received, on information and belief, on or about December 17, 2024, with respect to the effective January 1, 2025 transfer of the servicing of his loan to PNC, which he inaccurately calculates is 14 days, rather than actually 15 days,

---

[2] D.E. 17, Acopia's Disclaimer of Interest.
[3] ¶7 & ¶10 of the Complaint.
[4] ¶11 of the Complaint.
[5] ¶13 of the Complaint.
[6] ¶15 of the Complaint.
[7] ¶16 of the Complaint.

4929-8803-0103, v. 2

claiming said notice by Acopia to be in violation of 12 U.S.C. §2605(b)(1)'s 15 day servicing notice requirement[8], (vii) that there are three alleged deficiencies in the allonge transferring the loan documents to PNC, that doesn't affect Acopia, but rather PNC's ability to enforce the loan documents[9], (viii) that the allonge is allegedly unauthenticated, in blank, naming Acopia as payee[10], (ix) that while Acopia originated the loan, Acopia has not demonstrated any interest in the Note or Mortgage at issue, and acknowledges that Acopia currently has no interest in them[11], along with (x) conclusory claims in Count III for actual damages, statutory damages, and attorney's fees[12]. What is missing from the Complaint are any specific allegations as to Acopia in Count I.

## IV.    Legal Standard on a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6)

Fed. R. Civ. P. 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief", the purpose of which is to provide the defendant with fair notice of the claim and the grounds upon which it rests. However, Rule 8 requires more than bare conclusions. As courts in the United States District Court for the Middle District of Florida repeatedly recognize, the pleading must satisfy the plausibility standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Allegations must include facts

---

[8] ¶¶17, 34 & 63 of the Complaint.
[9] ¶¶19 through 22 of the Complaint.
[10] ¶¶47 & 48 of the Complaint.
[11] ¶59 of the Complaint.
[12] ¶65 of the Complaint.

4929-8803-0103, v. 2

demonstrating entitlement to relief. *Iqbal*, 556 U.S. at 678-79; *Butler v. Dassault Systèmes Americas Corp.*, Case No. 6:24-cv-2324 (M.D. Fla. 2025) (order on motion to dismiss).

The plausibility standard is that "Plaintiff need only 'plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 556. The court further emphasized the pleading burden at the Rule 12(b)(6) stage is that: "Plaintiff need not prove her case on the pleadings—the amended complaint must merely provide enough factual material to raise a reasonable inference, and thus a plausible claim."

At the motion to dismiss stage the Court must (i) require that Plaintiff's Complaint contain factual content allowing a reasonable inference of liability, not merely conclusory allegations, (ii) evaluate plausibility, not probability, of the alleged causes of action contained therein, and (iii) require the pleading contain enough facts to raise a reasonable inference of misconduct, though proof is not required at the pleading stage.

Claims lumping together multiple defendants without specifying conduct, like Counts I through III do, as plead against Acopia, are routinely dismissed. *Lockwood v. Chase Bank USA*, No. 3:12-cv-497-J-37MCR, 2013 WL 2150067, at *2 (M.D. Fla. May 16, 2013); see also *Fuller v. SunTrust Bank*, 744 F. App'x 685, 688 (11th Cir. 2018).

### V.    Argument

#### i.    Count I for Declaratory Relief

Plaintiff alleges no actionable conduct by Acopia in Count I warranting declaratory relief. Merely identifying Acopia as the original lender is insufficient. *Lockwood*, 2013 WL 2150067, at *2. As such, Count I against Acopia should be dismissed.

4929-8803-0103, v. 2

### ii.    Count II for Quiet Title

Plaintiff concedes in ¶59 of the Complaint that Acopia has no interest in either the Mortgage or Note. Courts have consistently held that a party who has assigned away its interest in a mortgage lacks standing to be sued in connection with that mortgage. *See Culhane v. Aurora Loan Servs. of Neb.*, 708 F.3d 282, 291 (1st Cir. 2013). Accordingly, federal district courts in Florida routinely dismiss quiet title claims brought against non-interest entities. *A&A Wealth Mgmt., LLC v. Secretary of HUD*, No. 0:24-cv-61033, 2025 WL 1873245, at *3 (S.D. Fla. Mar. 28, 2025); *Bank of N.Y. Mellon v. Johnson*, 757 F. Supp. 2d 1320, 1326 (M.D. Fla. 2010); *Fulton v. Wells Fargo Bank, N.A.*, 2022 WL 4460880, at *2 (M.D. Fla. Sept. 26, 2022). As such, Count II against Acopia should be dismissed.

### iii.    Count III for RESPA Violations as Against Acopia

### a.    Failure to allege actual damages

Plaintiff has acknowledged in ¶16 of the Complaint, that he has been current and never delinquent on the loan, and there are no allegations that the Mortgage has been foreclosed upon, and that any payments have ever not been creditor or misapplied by Acopia, or any subsequent servicer. Plaintiff's conclusory claims of "actual damages" in ¶65 of the Complaint are therefore insufficient. Courts dismiss RESPA claims absent a demonstration by pleading of a tangible resulting harm caused by the alleged RESPA violation. *Williams v. Wells Fargo Bank, N.A.*, No. 4:18-cv-00564-O, 2018 WL 6181649, at *4 (N.D. Tex. Nov. 27, 2018); *Munoz v. CitiMortgage, Inc.*, No. 8:20-cv-2311-VMC-AEP, 2021 WL 1745672, at *3 (M.D. Fla. May 6, 2021); *Manzolillo v. Nationstar Mortg., LLC*, No. 2:22-cv-03570-SMG, 2025 WL 832112, at *5 (E.D.N.Y. Jan. 21, 2025). As such, Count III against Acopia should be dismissed.

4929-8803-0103, v. 2

**b.**    **Acopia's Servicing Notice to Plaintiff Complied With RESPA's Statutory Notice Requirement**

Plaintiff has acknowledged in ¶¶17, 34 & 63 of the Complaint, that Acopia sent its Serving Transfer Notice to Plaintiff on Dec 17, 2024, which actually is 15 days prior to Jan 1, 2025, and not 14 days as miscalculated and alleged by Plaintiff, therefore making Acopia's notice, as plead in the Complaint, compliant with 12 U.S.C. §2605(b)(1). Notwithstanding Plaintiff's vague allegations ("on or about" and "upon information and belief") that he may or may not have received this notice from Acopia, compliance with RESPA's servicing notice requirement is measured by the date it was sent by the servicer, not by the date it was received by the borrower. *Carter v. Wells Fargo Bank, N.A.*, 2016 WL 259863, at *3 (N.D. Ill. Jan. 21, 2016). As such, Count III against Acopia should be dismissed.

**c.**    **Statutory Damages Under RESPA Require a Pleading of Pattern or Practice**

Plaintiff alleges only two separate, but different, RESPA violations by Acopia in Count III of the Complaint. However in ¶65 within Count III of the Complaint, Plaintiff also seeks statutory damages under 12 U.S.C. §2605(f), which requires a pleading of a pattern or practice of noncompliance. Pleading two separate, isolated, instances by a servicer against a singular borrower, is insufficient to plead statutory damages under 12 U.S.C. §2605(f). *Lage v. Ocwen Loan Servicing LLC*, No. 15-15558, at *17 (11th Cir. Oct. 7, 2016) (unpublished) (citing *Renfroe v. Nationstar Mortg., LLC*, 822 F.3d 1241, 1247 (11th Cir. 2016)); *Murray v. Newrez LLC*, No. 1:24-cv-06160, 2025 WL 4123110, at *4 (E.D.N.Y. 2025); see also *Starnes v. Flagstar Bank*, 2018 WL 6712091, at *5 (M.D. Fla. Dec. 21, 2018). As such, Count III against Acopia should be dismissed.

**d.**    **Pro Se Plaintiff Cannot Recover Attorney's Fees**

Plaintiff, who is representing himself pro se and is not an attorney, at ¶65 of the Complaint,

6

in connection with Acopia's alleged RESPA violations in Count III of the Complaint, seeks recovery of his reasonable attorneys fees. However, courts consistently hold pro se litigants cannot recover attorney's fees under statutory or contractual fee-shifting provisions. *Kay v. Ehrler*, 499 U.S. 432, 437–38 (1991); *Hexamer v. Foreness*, 997 F.2d 93, 94 (5th Cir. 1993); *Trope v. Katz*, 11 Cal.4th 274, 282–83 (1995); *Rhoads v. FDIC*, 286 F.Supp.2d 532, 543 (D. Md. 2003).

## VI.    Conclusion

WHEREFORE, for the foregoing reasons, Acopia respectfully requests that this Court (ii) enter an Order dismissing Counts I, II and III against Acopia with prejudice[13], and (ii) grant such further relief as this Court deems just and proper.

Respectfully submitted,

> Nason Yeager Gerson Harris & Fumero, P.A.
> *Counsel for Defendant Acopia, LLC*
> 3001 PGA Blvd., Suite 305
> Palm Beach Gardens, FL 33410
> Tel: (561) 982-7114
> *ireich@nasonyeager.com*
> *raldama@nasonyeager.com*
> *llavander@nasonyeager.com*
> *jheredia@nasonyeager.com*
>
> By: */s/ Ivan J. Reich*
>      IVAN J. REICH (Fla. Bar No. 778011)

## CERTIFICATE OF CONFERRAL

Under Local Rule 3.01(g) I certify that prior to filing this motion to dismiss I consulted with Plaintiff, on multiple occasions, via text, telephone and email, and that he would not agree to the relief requested in the motion to dismiss, thereby requiring consideration of the matters set forth in this motion by the Court.

---

[13] Dismissal with prejudice is appropriate where, as here, amendment cannot cure the absence of standing or the lack of a cognizable legal duty.

4929-8803-0103, v. 2

**CERTIFICATE OF SERVICE**

I hereby certify that a true and exact copy of the foregoing is being served upon all parties entitled to receive service through this Court's CM/ECF system, and via email upon Plaintiff at jedgrahammd@gmail.com, and PNC's counsel, Lauren G. Raines, Esq., @ lraines@bradley.com, and Jessica Noelle Faucher, Esq., @ jfaucher@bradley.com.

/s/ <em>Ivan J. Reich</em>

Ivan J. Reich

8

4929-8803-0103, v. 2