UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JED GRAHAM,

        **Plaintiff,**

      v.

PNC BANK, NATIONAL
ASSOCIATION,  ACOPIA, LLC,
SALLIE MAE, INC.,  ANY AND ALL
SUCCESSOR ENTITIES, SERVICERS,
ASSIGNEES, OR TRANSFEREES,

        **Defendants,**

_____/

Case No.: 5:26-cv-00054-AGM-PRL

**ORDER**

This removal action is again before the Court on pro se Plaintiff's renewed motion for authorization to file electronically using the Case Management/Electronic Filing System ("CM/ECF"). (Doc. 44). For the reasons explained below, Plaintiff's motion is due to be denied.

As the Court previously observed, pursuant to the Court's Administrative Procedures for Electronic Filing, "[a]bsent a court order, a pro se litigant is not permitted to file documents in CM/ECF." *See* Administrative Procedures for Electronic Filing (Aug. 1, 2025) for the United States District Court, Middle District of Florida. "Pro se litigants are generally denied access to electronic filing unless extenuating circumstances exist to justify waiving CM/ECF procedures." *See Huminski v. Vermont*, No. 2:13-cv-692-FTM-29, 2014 WL 169848, at *4 (M.D. Fla. Jan. 15, 2014); *McMahon v. Cleveland Clinic Found. Police Dep't*, 455 F. App'x 874, 878 (11th Cir. 2011) (per curiam) (affirming denial of CM/ECF access for pro se litigant

because there was "no good cause under the circumstances of the case to authorize his access").

Previously, the Court denied Plaintiff's request to file documents via CM/ECF. (Doc. 18). In his instant motion, Plaintiff has renewed his request and recites that he is 69 years of age, is disabled, and has been issued a disabled-person parking permit. (Doc. 44 at 3). Plaintiff also recites that he is the sole caregiver for is wife who is medically fragile, that he resides about 25 miles from the Ocala Courthouse, and that traveling to the Clerk's Office is time consuming and requires him to be away from his caregiving duties for his wife.

First, Plaintiff is advised that there is no requirement that he submit filings in person at the Clerk's Office. The typical way that pro se parties submit filings is via U.S. Mail. Plaintiff may, of course, avail himself of a variety of services available through the United States Postal Service, including residential mail pickup. *See* https://www.usps.com. Additionally, Plaintiff states that he has a PACER account, which would enable him to monitor this case as often as he chooses. Plaintiff is free to access and view court records for this case or others via PACER. *See* https://www.pacer.gov/. Plaintiff has already been granted authorization to receive filings electronically. (Doc. 18).

Upon careful consideration and while not unsympathetic to Plaintiff's personal circumstances, the Court is disinclined to deviate from the general rule disallowing pro se parties to file directly using CM/ECF. The Administrative Procedures exist not only to serve the convenience of the parties, but to facilitate efficient administration of the Middle District of Florida's voluminous and ever-increasing case load. The general rule disallowing pro se parties to file directly using CM/ECF exists, in part, because both the history and experience of the Court demonstrate that granting pro se parties access to direct filing in CM/ECF results

in an increased burden to the Clerk's Office and Court personnel. At a bare minimum, the Court and the Clerk's Office must monitor whether filings entered via CM/ECF are properly entered on the docket. Often, granting pro se parties access to direct filing in CM/ECF results in a needless increase in frivolous filings.

The Court has the inherent authority to manage its docket to achieve the orderly and expeditious disposition of cases. *See Equity Lifestyle Props., Inc. v. Fla. Mowing and Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009). Indeed, it is this Court's responsibility "to see that these [judicial] resources are allocated in a way that promotes the interests of justice." *See May v. Barthet*, 934 So. 2d 1184, 1187 (Fla. 2006) (quoting *In re McDonald*, 489 U.S. 180, 184 (1989)). As the Supreme Court has observed, "[e]very paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources." *In re McDonald*, 489 U.S. at 184. "A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *Id.*

Here, the docket reflects that Plaintiff has already successfully filed at least 16 pleadings in this matter. Since April 27, 2026, Plaintiff has made seven filings, including two notices of correction (Docs. 42 & 43), a notice to the Clerk (Doc. 45) and a notice of errata. (Doc. 46). Further, the undersigned notes that, at its core, this case arises from Plaintiff's challenges to an assignment of Plaintiff's mortgage loan and changes to the mortgage servicer. There are currently at least two motions to dismiss pending. While the undersigned makes no comment on the merits of Plaintiff's claims, it remains to be seen whether this case will survive the pending motions to dismiss. Under the circumstances presented here, I find that the extenuating circumstances do not warrant authorizing pro se Plaintiff to file directly using CM/ECF.

Upon careful consideration and while not unsympathetic to Plaintiff's personal circumstances, and considering the totality of the circumstances in this case, the undersigned is disinclined to depart from the Court's established and well-reasoned Administrative Procedures for Electronic Filing that do not permit pro se litigants to file documents in CM/ECF. Plaintiff's renewed motion for authorization to file electronically using CM/ECF is **DENIED**.

**DONE** and **ORDERED** in Ocala, Florida on May 11, 2026.

_____

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record

Unrepresented Parties