IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

JED GRAHAM

       Plaintiff,                           Case No.: 5:26-cv-00054-AGM-PRL

vs.

ACOPIA, LLC; PNC BANK NATIONAL
ASSOCIATION; SALLIE MAE, INC.;
and any and all SUCCESSOR ENTITIES,
SERVICERS, ASSIGNEES, OR TRANSFEREES,

       Defendants.
_____/

### DEFENDANT, ACOPIA, LLC'S MOTION TO DISMISS SECOND AMENDED COMPLAINT WITH INCORPORATED MEMORANDUM OF LAW [1]

Defendant, Acopia, LLC ("Acopia"), by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 12(b)(1) & (6), respectfully moves this Honorable Court to dismiss Plaintiff, Jed Graham's ("Plaintiff" or "Graham") Second Amended Complaint (D. E. 33) (the "Complaint"). and in support thereof states as follows:

### I.       Introduction

Plaintiff has brought a 71 paragraph, four count Complaint, for (i) a declaratory Judgment against all defendants in Court I ("Count I" or the "Declaratory Judgement Count"), (ii) for quiet title against all defendants in Court II ("Count II" or the "Quiet Title Count"), (iii) for violations of the Real Estate Settlement Procedures Act, 12 U.S,C. §2601(b) ("RESPA"), against Acopia and Defendant, PNC Bank, N.A. ("PNC") ("Count III" or the "RESPA Count"), and for violations of the Truth In Lending Act, 15 U.S.C. §1641(g) ("TILA") against just Defendant, PNC ("Count Iv" or the "TILA Count")[2] all related

---

[1] This Motion to Dismiss is filed so as to comply with this Court's order entered at D. E. 58 so to correct the legal citations raised in the original motion in support of the arguments raised in the original motion.

[2] Since Count IV is plead just against PNC and not Acopia, there is no need for Acopia to address Count IV in this motion to dismiss.

1

to a loan, note and mortgage that Acopia no longer owns nor services, and has in fact disclaimed any interest it had or might have.[3]

## II.      Motion to Dismiss

The Complaint, as plead, fails to state any claim against Acopia for multiple independent reasons: (1) Plaintiff fails to adequately allege specific actionable conduct by Acopia in Counts I and II; (2) Count III fails to adequately plead actual damages, or the requisite pattern-of-practice for statutory damages under 12 U.S.C. §2605(f); and (3) Plaintiff's claim for attorney's fees, under ¶65 of Count II, and ¶F of its Prayer for Relief, is legally unavailable because Plaintiff is proceeding pro se and is not an attorney.

## III.      Facts Alleged As They Relate To Acopia

All that Plaintiff has plead against Acopia is (i) that it is the original lender and payee on Plaintiff's February 2, 20222 Promissory Note (the "Note")[4], (ii) who assigned internal account #1001212046 upon boarding the loan[5], (iii) that the Mortgage pledged as collateral on Plaintiff's real property with an address of 6234 Danielson Loop, The Villages, Florida 32163, securing the Note names Mortgage Electronic Registration System ("MERS") solely as nominee for Acopia[6], (iv) that Plaintiff made all of its loan payments prior to Acopia's transfer of its serving to PNC on January 1, 2025 to Acopia's contractual sub-servicer, and not to Acopia[7]. (v) that Plaintiff has always been current, and never delinquent, on the loan[8], (vi) that Acopia, sent a single servicer transfer notice to Plaintiff, which he alleges he never received, on information and belief, on or about December 17, 2024, with respect to the effective January 1, 2025 transfer of the servicing

---

[3] D.E. 17, Acopia's Disclaimer of Interest.
[4] ¶7 & ¶10 of the Complaint.
[5] ¶11 of the Complaint.
[6] ¶13 of the Complaint.
[7] ¶15 of the Complaint.
[8] ¶16 of the Complaint.

4926-3189-2407, v. 1

of his loan to PNC, which he inaccurately calculates is 14 days, rather than actually 15 days, claiming said notice by Acopia to be in violation of 12 U.S.C. §2605(b)(1)'s 15 day servicing notice requirement[9], (vii) that there are three alleged deficiencies in the allonge transferring the loan documents to PNC, that doesn't affect Acopia, but rather PNC's ability to enforce the loan documents[10], (viii) that the allonge is allegedly unauthenticated, in blank, naming Acopia as payee[11], (ix) that while Acopia originated the loan, Acopia has not demonstrated any interest in the Note or Mortgage at issue, and acknowledges that Acopia currently has no interest in them[12], along with (x) conclusory claims in Count III for actual damages, statutory damages, and attorney's fees[13]. What is missing from the Complaint are any specific allegations as to Acopia in Count I.

### IV. Legal Standard on a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6)

Fed. R. Civ. P. 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief", the purpose of which is to provide the defendant with fair notice of the claim and the grounds upon which it rests. However, Rule 8 requires more than bare conclusions. As courts in the United States District Court for the Middle District of Florida repeatedly recognize, the pleading must satisfy the plausibility standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief

---

[9] ¶¶17, 34 & 63 of the Complaint.
[10] ¶¶19 through 22 of the Complaint.
[11] ¶¶47 & 48 of the Complaint.
[12] ¶59 of the Complaint.
[13] ¶65 of the Complaint.

4926-3189-2407, v. 1

above the speculative level." *Twombly*, 550 U.S. at 555. Allegations must include facts demonstrating entitlement to relief. *Iqbal*, 556 U.S. at 678-79; *Butler v. Dassault Systèmes Americas Corp.*, Case No. 6:24-cv-2324 (M.D. Fla. 2025) (order on motion to dismiss).

The plausibility standard is that "Plaintiff need only 'plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 556. The court further emphasized the pleading burden at the Rule 12(b)(6) stage is that: "Plaintiff need not prove her case on the pleadings—the amended complaint must merely provide enough factual material to raise a reasonable inference, and thus a plausible claim."

At the motion to dismiss stage the Court must (i) require that Plaintiff's Complaint contain factual content allowing a reasonable inference of liability, not merely conclusory allegations, (ii) evaluate plausibility, not probability, of the alleged causes of action contained therein, and (iii) require the pleading contain enough facts to raise a reasonable inference of misconduct, though proof is not required at the pleading stage.

Claims lumping together multiple defendants without specifying conduct, like Counts I through III do, as plead against Acopia, are routinely dismissed. "By lumping defendants together, neither defendants nor the court can adequately discern who did what. Even if plaintiffs wish to allege that each party is ultimately responsible for the actions of another, plaintiffs must still explain who is responsible for precisely which alleged actions." *Castro v. Nieves*, Case No. 6:25-cv-391-JSS-RMN, 2026 U.S. Dist. LEXIS 24304, *1 (M.D. Fla. Feb. 24, 2026)(Judge Sneed determined the complaint failed to meet basic pleading standards because it lumped all defendants together without delineating specific roles or conduct attributable to each defendant, making it virtually impossible to determine which allegations supported which claims against which

4

defendants, thereby failing to provide adequate notice required under the Federal Rules).[14]

## V.    Argument

### i.    Count I for Declaratory Relief

What is missing from the Complaint are any specific allegations as to Acopia in Count I. Plaintiff alleges no actionable conduct by Acopia in Count I warranting declaratory relief. Merely identifying Acopia as the original lender is insufficient. The Complaint violates the Eleventh Circuit's well-established prohibition against shotgun pleading by asserting Count I against all defendants collectively without distinguishing Acopia's role or current legal position. The Eleventh Circuit has repeatedly condemned pleading practices that fail to identify which defendant is responsible for which alleged conduct. In cases addressing this issue, courts have emphasized that when multiple defendants are sued, the complaint must contain sufficient factual matter to raise a reasonable expectation that discovery will reveal evidence supporting the claim against each defendant individually, and that lumping defendants together without distinguishing their conduct or roles renders the complaint deficient. As such, Count I against Acopia should be dismissed.

### ii.    Count II for Quiet Title

Plaintiff concedes in ¶59 of the Complaint that Acopia has no interest in either the Mortgage or Note. A quiet title action under Florida law requires that the plaintiff establish the existence of an adverse claim or cloud on title created by the defendant. The statutory framework governing quiet title actions in Florida is set forth in Fla. Stat. §65.061, which establishes that such

---

[14] Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). Shotgun pleadings "fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323. A court should dismiss a complaint as a shotgun pleading "where 'it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief.'" *Id.* at 1325 (emphasis omitted) (quoting *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996)); *Magluta v. Samples*, 256 F.3d 1282 (11th Cir. 2001); *United States ex rel. Taylor v. Multiplan Network*, 2022 U.S. Dist. LEXIS 33782 (M.D. Fla. 2022); *Bright v. Thomas*, 2022 U.S. Dist. LEXIS 76752 (M.D. Fla. 2022)

4926-3189-2407, v. 1

actions are designed to remove clouds on title or to quiet adverse claims. Critically, the defendant in a quiet title action must be asserting or maintaining some present interest in or claim to the property that clouds the plaintiff's title. Without an adverse claim by the defendant, there is no justiciable controversy for the court to resolve, and the defendant cannot be a proper party to the action. *Lane v. Mortg. Elec. Registration Sys.,* 2013 U.S. Dist. LEXIS 195656 (M.D. Fla. 2013) (Judge Moody dismissed a quiet title action under Fla. Stat. §65.061 because the defendant did not assert any adverse claim to the property, because the statute requires the defendant to assert a claim of title or maintain a conveyance that casts a cloud on the plaintiff's title, and that if the defendant does not assert a claim of title, as in the case of a mortgagee who holds only a lien and not title under Florida law, there is no basis for a quiet title action).[15] As such, Count II against Acopia should be dismissed.

### iii.    Count III for RESPA Violations as Against Acopia

### a.    Failure to allege actual damages

Plaintiff has acknowledged in ¶16 of the Complaint, that he has been current and never delinquent on the loan, and there are no allegations that the Mortgage has been foreclosed upon, and that any payments have ever not been creditor or misapplied by Acopia, or any subsequent servicer. Plaintiff's conclusory claims of "actual damages" in ¶65 of the Complaint are therefore

---

[15] *Gokhberg v. Cap. One, N.A.,* 2026 U.S. Dist. LEXIS 70109, *33-34 (E.D.N.Y. March 31, 2026) (the court dismissed a quiet title action where the defendant had assigned its mortgage interest to a third party and disclaimed any current interest in the property, holding that there was no adverse claim to adjudicate, and the action must be brought against the current holder of any alleged interest. This case, and the cases cited therein, underscores that a defendant must have a present interest in the property to maintain a quiet title action); *Gokhvat Holdings LLC v. U.S. Bank Nat'l Ass'n*, No. 23-300, 2024 U.S. App. LEXIS 3834, 2024 WL 677078, at *1 (2d Cir. 2024) (dismissing quiet title appeal as moot where defendant "no longer ha[d] any interest in the property or the mortgage" and plaintiff's "complaint thus [sought] the cancellation of an interest that no longer exist[ed]"); *In re Stephens*, No. 21-42857, 2024 Bankr. LEXIS 22, 2024 WL 74897, at *5 (Bankr. E.D.N.Y. Jan. 5, 2024) (dismissing quiet title claim because "Plaintiff does not allege the [assignor] Defendants have a claim or interest in the Residence that is adverse to the Plaintiff" where defendants "assigned any interest they had in the Residence to the [assignee] Defendants"). Where a former mortgagee no longer holds an interest in the mortgage or the property, "[a]ny action to quiet title with respect to the mortgage must now be brought against the current holder of any alleged interest." *Gokhvat Holdings*, 2024 U.S. App. LEXIS 3834, 2024 WL 677078, at *2.

6

insufficient. Courts dismiss RESPA claims absent a demonstration by pleading of a tangible resulting harm caused by the alleged RESPA violation. *Williams v. Wells Fargo Bank, N.A.*, No. 4:18-cv-00564-O, 2018 WL 6181649, at *4 (N.D. Tex. Nov. 27, 2018); *Munoz v. CitiMortgage, Inc.*, No. 8:20-cv-2311-VMC-AEP, 2021 WL 1745672, at *3 (M.D. Fla. May 6, 2021); *Manzolillo v. Nationstar Mortg., LLC*, No. 2:22-cv-03570-SMG, 2025 WL 832112, at *5 (E.D.N.Y. Jan. 21, 2025). As such, Count III against Acopia should be dismissed.

### b. Acopia's Servicing Notice to Plaintiff Complied With RESPA's Statutory Notice Requirement

Plaintiff has acknowledged in ¶¶17, 34 & 63 of the Complaint, that Acopia sent its Serving Transfer Notice to Plaintiff on Dec 17, 2024, which actually is 15 days prior to Jan 1, 2025, and not 14 days as miscalculated and alleged by Plaintiff, therefore making Acopia's notice, as plead in the Complaint, compliant with 12 U.S.C. §2605(b)(1). Notwithstanding Plaintiff's vague allegations ("on or about" and "upon information and belief") that he may or may not have received this notice from Acopia, compliance with RESPA's servicing notice requirement is measured by the date it was sent by the servicer, not by the date it was received by the borrower. 12 U.S.C. §2605(b)(1) explicitly requires that the servicer notify the borrower in writing of any assignment, sale, or transfer of servicing at least 15 days before the effective date of the transfer. The statutory language does not impose a requirement that the borrower receive the notice within this timeframe, only that the notice be sent. Further, 12 C.F.R. §1024.33(b)(3)(i), is the regulation which mirrors this statutory requirement, stating that the transferor servicer must provide notice not less than 15 days before the effective date of the transfer, and clarifies that the timing obligation is on the servicer to send the notice, not on the borrower to receive it.[16] As such, Count III against Acopia

---

[16] *Martin v. Citimortgage*, 2010 U.S. Dist. LEXIS 88447 (N.D. Ga. 2010) (under 12 U.S.C. §2605(b)(1) the servicer must send notice at least 15 days before the effective transfer date reflecting that the statutory obligation is tied to the timing of the notice being sent); *Catahan v. Wilmington Fin., Inc.,* 2009 U.S. Dist. LEXIS 149880 (W.D. Wash.

should be dismissed with prejudice.

### c.    Statutory Damages Under RESPA Require a Pleading of Pattern or Practice

Plaintiff alleges only two separate, but different, RESPA violations by Acopia in Count III of the Complaint. However in ¶65 within Count III of the Complaint, Plaintiff also seeks statutory damages under 12 U.S.C. §2605(f), which requires a pleading of a pattern or practice of noncompliance. Pleading two separate, isolated, instances by a servicer against a singular borrower, is insufficient to plead statutory damages under 12 U.S.C. §2605.[17] As such, Count III against Acopia should be dismissed.

### d.    Pro Se Plaintiff Cannot Recover Attorney's Fees

Plaintiff, who is representing himself pro se and is not an attorney, at ¶65 of the Complaint,

---

2009) (the servicer's compliance with the statutory requirement was based on the date the notice was sent, not the date it was received by the borrower); *Mikel v. Corrington Mortg. Servs., LLC*, 2019 U.S. Dist. LEXIS 149428 (W.D.Tex. 2019); *Bryant v. Bank of Am., N.A.*, 2016 U.S. Dist. LEXIS 83374 (N.D.Tex. 2016)

[17] *Nunez v. J.P. Morgan Chase Bank, N.A.*, 2017 U.S. Dist. LEXIS 65894 (M.D. Fla. 2017) (Judge Presnell stated that two violations of RESPA are insufficient to establish a "pattern or practice" of noncompliance indicating that a plaintiff must allege violations with respect to other borrowers or demonstrate a standard or routine way of operating to plead statutory damages adequately); *Willner v. Wells Fargo Bank, N.A.*, 2023 U.S. App. LEXIS 168, 2023 WL 106855 (11th Cir. 2023) (a "pattern or practice" under 12 U.S.C. §2605 refers to a standard or routine way of operating, and that one or two violations, standing alone, do not constitute a pattern or practice, and are insufficient to support a claim for statutory damages); *Perron v. J.P. Morgan Chase Bank, N.A.*, 845 F.3d 852 (7th Cir. 2017) (two examples of similar behavior by a servicer, occurring in different states, separated by years, and without evidence of coordination, are insufficient to establish a "pattern or practice" of noncompliance under 12 U.S.C. §2605 emphasizing that statutory damages require evidence of a pattern or practice, which was not demonstrated by the plaintiffs); *Kapsis v. Am. Home Mortg. Servicing Inc.*, 923 F. Supp. 2d 430 (E.D.N.Y. 2013)(while there is no specific number of violations required to establish a "pattern or practice," two violations of RESPA are insufficient to support a claim for statutory damages, and a pattern or practice must reflect a standard or routine way of operating); *Gorbaty v. Wells Fargo Bank, N.A.*, 2012 U.S. Dist. LEXIS 55284 (E.D.N.Y. 2012)(two alleged violations of 12 U.S.C. §2605 by the servicer were insufficient to establish a "pattern or practice" of noncompliance, in that a "pattern or practice" requires more than isolated incidents and must reflect a standard or institutionalized way of operating); *St.-Fleur v. JPMorgan Chase Bank, N.A.,* 2015 U.S. Dist. LEXIS 188932 (S.D.Fla. 2015)(allegations of two separate failures by the servicer to respond to qualified written requests were insufficient to establish a "pattern or practice" of noncompliance under RESPA since statutory damages require evidence of a standard or institutionalized practice of violations); *Sutton v. CitiMortgage, Inc.*, 228 F. Supp. 3d 254 (S.D.N.Y. 2017)(two violations of RESPA are insufficient to establish a "pattern or practice" of noncompliance in that a pattern or practice must reflect a standard or routine way of operating, and isolated incidents do not meet this threshold); *Lage v. Ocwen Loan Servicing LLC*, 839 F.3d 1003 (11th Cir. 2016)(one violation of RESPA, standing alone, does not constitute a "pattern or practice.", noting that other courts have held that two violations are insufficient to support a claim for statutory damages under 12 U.S.C. §2605); *Renfroe v. Nationstar Mortg., LLC*, 822 F.3d 1241, 1247 (11th Cir. 2016).

4926-3189-2407, v. 1

in connection with Acopia's alleged RESPA violations in Count III of the Complaint, sought recovery of his reasonable attorney's fees, which courts consistently hold pro se litigants cannot recover attorney's fees under statutory or contractual fee-shifting provisions. Plaintiff at page 17 of his filed response to Acopia's original motion to dismiss (D.E. 40) concedes this point and has now dropped his claim for entitlement to attorney's fees under Count III. Acopia asks this Court to please strike this request from the allegations of Count III of the Complaint.

## VI.    Conclusion

WHEREFORE, for the foregoing reasons, Acopia respectfully requests that this Court (ii) enter an Order dismissing Counts I, II and III against Acopia with prejudice[18], and (ii) grant such further relief as this Court deems just and proper.

Respectfully submitted,

Nason Yeager Gerson Harris & Fumero, P.A.
*Counsel for Defendant Acopia, LLC*
3001 PGA Blvd., Suite 305
Palm Beach Gardens, FL 33410
Tel: (561) 982-7114
*ireich@nasonyeager.com*
*raldama@nasonyeager.com*
*llavander@nasonyeager.com*
*jheredia@nasonyeager.com*

By: */s/ Ivan J. Reich*
    IVAN J. REICH (Fla. Bar No. 778011)

## CERTIFICATION UNDER PENALTY OF PERJURY THAT ARTIFICIAL INTELLIGENCE WAS USED IN THE PREPARATION OF THIS FILING

I have reviewed the Standing Order Requiring Disclosure of the use of artificial intelligence. Artificial intelligence was used in the preparation of this filing in the following way.

---

[18] Dismissal with prejudice is appropriate where, as here, amendment cannot cure the absence of standing or the lack of a cognizable legal duty.

4926-3189-2407, v. 1

Prepared with assistance from Lexis' Protégé AI that through Lexis-Nexis which can and has confirmed that all citations contained herein are verifiable, non-hallucinated, sherardized and stand for the proposition for which they are stated. However, under penalty of perjury, I certify that before filing, I personally reviewed Rule 11 of the Federal Rules of Civil Procedure and I personally read every case. I understand that if a case upon which I rely does not exist or does not reasonably stand for the cited proposition, the Court may treat this as a violation of Rule 11 of the Federal Rules of Civil Procedure. I have reviewed Rule 11 of the Federal Rules of Civil Procedure and I understand that this rule applies equally to counsel and unrepresented parties, that as the person signing this filing I am the person who will be held responsible for its contents even if it was prepared by someone else, and I am familiar with the sanctions available for violations of Rule 11. If this certification is made by counsel, I further understand that citation to a case that either does not exist or does not reasonably stand for the cited proposition may be treated as a violation of my oath of candor toward the tribunal and a basis on which my admission to practice in the Middle District of Florida could be revoked or suspended. Further, whether I represent myself or I am an attorney representing a client, I understand that by making this certification under penalty of perjury I could be referred for criminal prosecution if the statements I make here are false.



/s/ Ivan J. Reich

Ivan J. Reich

## CERTIFICATION OF COMPLIANCE WITH RULE 11

I certify that I have reviewed the Standing Order Requiring Disclosure of the Use of Artificial Intelligence. With regard to docket entries [insert docket numbers], by my signature below I confirm under penalty of perjury that if artificial intelligence was used, every cited authority was personally reviewed by the filer in advance of the filing.

4926-3189-2407, v. 1



/s/ Ivan J. Reich

Ivan J. Reich

## CERTIFICATE OF CONFERRAL

Under Local Rule 3.01(g) I certify that prior to filing this motion to dismiss I consulted with Plaintiff, on multiple occasions, via text, telephone and email, and that he would not agree to the relief requested in the motion to dismiss, thereby requiring consideration of the matters set forth in this motion by the Court.



/s/ Ivan J. Reich

Ivan J. Reich

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing is being served this 22nd day of June, 2026, upon all parties entitled to receive service through this Court's CM/ECF system, and via email upon Plaintiff at jedgrahammd@gmail.com, and PNC's counsel, Lauren G. Raines, Esq., @ lraines@bradley.com, and Jessica Noelle Faucher, Esq., @ jfaucher@bradley.com.



/s/ Ivan J. Reich

Ivan J. Reich

4926-3189-2407, v. 1