## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

Case No.: 5:26-cv-00054-AGM-PRL

JED ALAN GRAHAM, M.D.,
Plaintiff,

v.

PNC BANK, NATIONAL ASSOCIATION;
ACOPIA, LLC; and
FEDERAL NATIONAL MORTGAGE ASSOCIATION ("FANNIE MAE"),
Defendants.

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT ACOPIA, LLC'S MOTION FOR SUMMARY JUDGMENT (D.E. 60)

Plaintiff, JED ALAN GRAHAM, M.D., appearing pro se, responds in opposition to

Acopia, LLC's Motion for Summary Judgment (D.E. 60).

**INTRODUCTION**

Acopia has moved for summary judgment without submitting any evidence. D.E. 60

attaches no affidavit, no declaration, no deposition, no business record, and no exhibit. Its

section captioned "Facts Alleged as They Relate to Acopia" consists entirely of citations

to numbered paragraphs of Plaintiff's own Second Amended Complaint. Acopia asks this

Court to enter final judgment on a record it has not made.

It has also moved before Plaintiff was permitted to make one. Discovery has not opened.

No conference under Fed. R. Civ. P. 26(f) has been held and no scheduling order has

been entered, so Fed. R. Civ. P. 26(d)(1) has barred Plaintiff from seeking discovery from

any source. Plaintiff has taken no depositions, served no interrogatories, and obtained no

documents. D.E. 60 asks the Court to declare facts undisputed at the one moment in this case when Plaintiff has had no lawful means of disputing them.

For the reasons below, D.E. 60 should be denied. In the alternative, ruling should be deferred under Fed. R. Civ. P. 56(d) until the parties have conducted discovery. Plaintiff's declaration under Rule 56(d) is attached as Exhibit A.

## ARGUMENT

## I. ACOPIA HAS NOT CARRIED ITS INITIAL BURDEN, AS DEFINED BY THE AUTHORITIES ACOPIA ITSELF CITES.

Acopia's brief supplies the governing standard. Citing Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970), and Celotex Corp. v. Catrett, 477 U.S. 317 (1986), Acopia acknowledges that the party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. D.E. 60 at 5. It further acknowledges that a movant may satisfy that burden in one of two ways: by producing evidence negating an element of the non-movant's case, or by pointing out that the non-movant lacks evidence to prove it. D.E. 60 at 4. Acopia represents that it "has done both." It has done neither.

It produced no evidence. Every factual assertion in D.E. 60 is sourced to a paragraph of Plaintiff's pleading. A movant does not establish the absence of a genuine dispute by reciting the non-movant's allegations back to the Court. Those allegations are what the Court must view in the light most favorable to Plaintiff, as Acopia's own citation to Rubenstein concedes. D.E. 60 at 4.

Neither did it point to an absence of evidence, because there is no evidentiary record to point to. The "point out" branch of Celotex presupposes a developed record in which a deficiency can be identified. Celotex says so: summary judgment is warranted "after adequate time for discovery." 477 U.S. at 322. There has been no time for discovery in this case at all.

## II.  D.E. 60 ADVANCES RULE 12 PLEADING ARGUMENTS. ACOPIA FILED THE CORRESPONDING RULE 12 MOTION THE SAME DAY.

Acopia's arguments are pleading arguments. It contends that Plaintiff "fails to adequately allege" actionable conduct in Counts I and II; that the Complaint "lacks any specific allegations"; that it "violates the Eleventh Circuit's well-established prohibition against shotgun pleading"; and that Count III "fails to adequately plead" damages. D.E. 60 at 2, 7, 16, 18. Footnote 1 of D.E. 60 refers to the filing itself as "this motion to dismiss."

The characterization is not Plaintiff's invention, and the sequence is a matter of record. On June 22, 2026, at 4:19 p.m., the Court entered Order 58, striking Acopia's Motion to Dismiss (D.E. 57). Order 58 stated that although Acopia was permitted to withdraw its earlier Motion to Dismiss (D.E. 36) under the Standing Order Requiring Disclosure of Use of Artificial Intelligence (D.E. 51), "Acopia may not use the withdrawal to expand upon the grounds raised or relief sought in the [D.E. 36] Motion to Dismiss." The Court gave Acopia "leave to re-file the Motion within 10 days of this Order, but only to correct the errors forming the basis for its withdrawal of the Motion," and stated that "[s]pecific argument offered in an amended motion that was not raised in the [D.E. 36] Motion to

Dismiss will not be considered." At 5:07 p.m. that same day, Acopia filed D.E. 59, a Motion to Dismiss the Second Amended Complaint. At 9:42 p.m. that same day, Acopia filed D.E. 60, seeking summary judgment against the same Second Amended Complaint. The two motions advance substantially the same arguments. Whatever the merit of those arguments under Rule 12, they do not become summary judgment arguments by being restated under a different rule number, and they cannot support entry of final judgment on an empty record.

## III. MATERIAL FACTS ARE GENUINELY DISPUTED, AND ACOPIA HAS OFFERED NO EVIDENCE ON ANY OF THEM.

A. The allonge. Acopia produced an allonge as Exhibit B to its Amended Motion to Dismiss. D.E. 17-2, PageID 295. The instrument is dated February 2, 2022, is endorsed in blank, states "Without Recourse," names no transferee, and bears the signature of Joseph Davidson as President of Acopia, LLC. It was filed as a copy; the Note it accompanies bears a stamp reading "THIS IS TO CERTIFY THAT THIS IS A TRUE AND CORRECT COPY OF THE ORIGINAL" over the name "Peninsula Land & Title." No original has been produced to Plaintiff or to this Court.

Acopia represents to this Court that the alleged deficiencies in the allonge "doesn't affect Acopia, but rather PNC's ability to enforce the loan documents." D.E. 60 at 3. Plaintiff does not accept that characterization. But whether the allonge was executed on the date it bears, by whom, and with what authority, are questions of fact. Acopia has submitted no affidavit from Mr. Davidson, no custodial record, and no evidence

of the instrument's execution or delivery. It asks the Court to resolve those questions in its favor on no evidence at all.

(Plaintiff notes that D.E. 60 twice identifies the allonge as "D.E. 12-2." The operative filed copy is D.E. 17-2. D.E. 12 was denied. See D.E. 15.)

B.  The December 17, 2024 notice.  Acopia's RESPA argument is that compliance under 12 U.S.C. § 2605(b)(1) is measured by the date the notice was sent, not the date it was received. D.E. 60 at 17-18. Plaintiff's position on the merits of that reading is set out in his Second Amended Complaint. But Acopia's argument depends entirely on a fact: that it sent a notice, and that it sent it on December 17, 2024.

Acopia has submitted no evidence of that fact. It has produced no mailing log, no postage or vendor record, no notice as generated for Plaintiff's loan, and no affidavit from any person with knowledge of the mailing. Its sole support is a citation to Plaintiff's own complaint. A movant cannot obtain summary judgment on the send date of a notice by pointing to the non-movant's pleading and submitting nothing of its own. Plaintiff has alleged he never received the notice, and he has had no opportunity to take discovery on whether, when, and how it was sent.

C.  Actual damages under Count III.  Acopia contends Plaintiff's damages allegations are conclusory. That is a pleading objection. To the extent it is offered as a summary judgment ground, it fails for the same reason: no discovery has occurred, and Plaintiff has been unable to obtain the servicing and transfer records from which damages would be established.

## IV. IN THE ALTERNATIVE, RULE 56(d) REQUIRES DEFERRAL OR DENIAL.

Rule 56(b) permits a summary judgment motion to be filed early, but the Advisory Committee anticipated precisely this situation, noting that although the rule allows a motion to be filed at the commencement of an action, in many cases the motion will be premature until the non-movant has had time to respond or other pretrial proceedings have been had. The Rules' answer to a premature motion is Rule 56(d).

Acopia's own brief identifies that avenue. Quoting Celotex, it acknowledges that a non-movant may respond by submitting an affidavit explaining why further discovery is necessary under former Rule 56(f) — now Rule 56(d). D.E. 60 at 6-7. Plaintiff has done exactly that. His declaration, attached as Exhibit A, specifies the facts he cannot presently present, the discovery required to obtain them, and the reason that discovery has been unavailable to him.

## CONCLUSION

Acopia moved for summary judgment before discovery opened, submitted no evidence, and advanced arguments drawn from Rule 12 — while filing the corresponding Rule 12 motion the same day. Plaintiff respectfully requests that the Court deny D.E. 60, or in the alternative defer ruling under Fed. R. Civ. P. 56(d) until the parties have conducted discovery.

**Certification Under Penalty of Perjury That Artificial Intelligence Was Used in the Preparation of This Filing**

I have reviewed the Standing Order Requiring Disclosure of the use of artificial intelligence. Artificial intelligence was used in the preparation of this filing in the following way: Plaintiff used a generative artificial intelligence assistant (Anthropic's Claude) to assist with drafting and formatting this Response and the accompanying declaration. Every case cited in this Response is a decision cited by Acopia, LLC in its own Motion for Summary Judgment (Doc. 60): Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970); Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); and Rubenstein v. Florida Bar, 72 F. Supp. 3d 1298 (S.D. Fla. 2014). Plaintiff personally read each of these decisions before signing. The remaining authorities cited are Federal Rules of Civil Procedure 26(d)(1), 56(a), 56(b), 56(c), 56(d), and 56(e), and the Advisory Committee Notes to the 2010 Amendment to Rule 56, each of which Plaintiff personally read before signing. However, under penalty of perjury, I certify that before filing, I personally reviewed Rule 11 of the Federal Rules of Civil Procedure and I personally read every case. I understand that if a case upon which I rely does not exist or does not reasonably stand for the cited proposition, the Court may treat this as a violation of Rule 11 of the Federal Rules of Civil Procedure. I have reviewed Rule 11 of the Federal Rules of Civil Procedure and I understand that this rule applies equally to counsel and unrepresented parties, that as the person signing this filing I am the person who will be held responsible for its contents even if it was prepared by someone else, and I am familiar with the sanctions available for violations of Rule 11. If this certification is made by counsel, I further understand that citation to a case that either does not exist or does not reasonably stand for the cited proposition may be treated as a

violation of my oath of candor toward the tribunal and a basis on which my admission to practice in the Middle District of Florida could be revoked or suspended. Further, whether I represent myself or I am an attorney representing a client, I understand that by making this certification under penalty of perjury I could be referred for criminal prosecution if the statements I make here are false.

Respectfully submitted this 14 day of July, 2026.

JED ALAN GRAHAM, M.D., Pro Se
6234 Danielson Loop
The Villages, FL 32163
Phone: 864-993-1984
Email: jedgrahammd@gmail.com

## CERTIFICATE OF SERVICE

I certify that on July 14, 2026, a true and correct copy of the foregoing was served by email upon Ivan J. Reich, Esq. (ireich@nasonyeager.com), counsel for Acopia, LLC, and upon Lauren G. Raines, Esq. (lraines@bradley.com) and Jessica Noelle Faucher, Esq. (jfaucher@bradley.com), counsel for PNC Bank, National Association and for Federal National Mortgage Association.

Jed Graham

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

Case No.: 5:26-cv-00054-AGM-PRL

JED ALAN GRAHAM, M.D.,
Plaintiff,

v.

PNC BANK, NATIONAL ASSOCIATION;
ACOPIA, LLC; and
FEDERAL NATIONAL MORTGAGE ASSOCIATION ("FANNIE MAE"),
Defendants.

**EXHIBIT A**
**DECLARATION OF JED ALAN GRAHAM, M.D. UNDER FED. R. CIV. P. 56(d)**

I, JED ALAN GRAHAM, M.D., declare under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am the Plaintiff in this action and appear pro se. I make this declaration on personal knowledge.

2. I submit this declaration under Fed. R. Civ. P. 56(d) in opposition to D.E. 60. I cannot presently present facts essential to justify my opposition.

3. Discovery has not opened. No conference under Fed. R. Civ. P. 26(f) has been held and no scheduling order has been entered. Under Fed. R. Civ. P. 26(d)(1), I have not been permitted to seek discovery from any source. I have taken no depositions, served no interrogatories, served no requests for production, and served no requests for admission.

4. The facts I am unable to present, and the discovery I require, are as follows:

(a) The execution, date, authenticity, and physical condition of the allonge filed at D.E. 17-2, PageID 295, including whether and when that allonge was affixed to the Note it purports to endorse. I require production of the original instrument for physical inspection; any drafts or prior versions of it; the records reflecting when it was created, signed, delivered, and affixed; the document custodian records reflecting where the original Note and allonge were held and in what condition; the imaging or scanning records for the copy filed at D.E. 17-2; and the depositions of Joseph Davidson, whose signature the allonge bears, and of Acopia's records custodian. Acopia has produced only a copy and has submitted no evidence of the instrument's execution, delivery, or affixation. Whether the allonge was affixed to the Note cannot be determined from the copy Acopia filed; it can be determined only by inspection of the original.

(b) Whether, when, and how Acopia sent the servicing transfer notice it contends it issued on December 17, 2024. I require production of Acopia's mailing and dispatch records, mail logs, postage and vendor records, the notice as generated for my loan, and the deposition of the person or persons responsible for its dispatch. Acopia argues that RESPA compliance is measured by the date a notice is sent, but has submitted no evidence that it sent any notice on any date.

(c) The terms and sequence of Acopia's disposition of the Note and of the servicing of my loan, including the note sale or assignment instrument, the servicing agreements in effect between February 2022 and January 2025, and the

agreement or authorization by which servicing was transferred to PNC effective January 1, 2025. I require production of those instruments and the deposition of Acopia's corporate representative under Fed. R. Civ. P. 30(b)(6).

(d) Facts bearing on actual damages under Count III, which depend on the discovery described above together with the servicing transfer records of Acopia and PNC.

5. Each category of information above is within the possession, custody, or control of Acopia or of parties from whom I have not been permitted to seek discovery. None is available to me from public sources.

6. I have not been dilatory. This discovery is unavailable to me solely because Fed. R. Civ. P. 26(d)(1) bars me from seeking it before the parties confer under Rule 26(f), and no such conference has occurred.

7. I respectfully request that the Court deny D.E. 60, or defer ruling upon it, and permit the parties to conduct discovery.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _July 14_, 2026.

_____
JED ALAN GRAHAM, M.D., Pro Se