UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JED ALAN GRAHAM, M.D.,
    Plaintiff,

v.                               Case No: 5:26-cv-00054-AGM-PRL

PNC BANK, NATIONAL ASSOCIATION;
ACOPIA, LLC; and FEDERAL NATIONAL
MORTGAGE ASSOCIATION ("FANNIE MAE"),
    Defendants.

_____/

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT ACOPIA, LLC'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT (D.E. 59)

Plaintiff, Jed Alan Graham, M.D., appearing pro se, responds in opposition to Defendant

Acopia, LLC's Motion to Dismiss the Second Amended Complaint (D.E. 59), and states:

## INTRODUCTION

D.E. 59 is Acopia's latest attempt to dismiss this pleading, and it disregards this Court's

order at D.E. 58 in the process. This Court permitted Acopia to re-file its withdrawn motion

"only to correct the errors forming the basis for its withdrawal," and ordered that "[s]pecific

argument offered in an amended motion that was not raised in the [D.E. 36] Motion to Dismiss

will not be considered." (D.E. 58.) Acopia did not correct citations. It replaced them wholesale—

retaining only eight of the authorities in its withdrawn motion and adding twenty-one new ones,

several advancing arguments it never raised in D.E. 36. Under this Court's order, that new

material "will not be considered." And even reaching the surviving grounds, the Motion fails: it

misreads the Second Amended Complaint, contradicts Plaintiff's well-pleaded allegations, and

asks the Court to authenticate and weigh Acopia's own disputed documents on a Rule 12(b)(6)

motion—which binding precedent forbids.

## I. THE MOTION EXCEEDS THE NARROW LEAVE GRANTED IN D.E. 58, AND ITS NEW

### AUTHORITIES AND ARGUMENTS "WILL NOT BE CONSIDERED."

1

This Court's D.E. 58 order was precise. Acopia was permitted to re-file "only to correct the errors forming the basis for its withdrawal of the Motion," and the Court expressly directed that "[s]pecific argument offered in an amended motion that was not raised in the [D.E. 36] Motion to Dismiss will not be considered." (D.E. 58.) This Court had already stricken Acopia's prior re-filed motion (D.E. 57) for exceeding that boundary. (D.E. 58.)

D.E. 59 exceeds it again. Rather than correct the citations in D.E. 36, Acopia rebuilt its authority base. Of the authorities cited in the withdrawn D.E. 36, only eight survive in D.E. 59; Acopia added twenty-one new authorities that appear nowhere in D.E. 36 (see Appendix A hereto). Several carry arguments Acopia never made in D.E. 36—for example, the contention (built on out-of-district decisions) that a quiet-title action "must be brought against the current holder," and an expanded shotgun-pleading argument resting on cases absent from the original motion. Under the plain terms of D.E. 58, none of that new material may be considered, and Acopia's Motion should be denied to the extent it depends on it.

The Motion also carries facial defects that underscore the point. Its artificial-intelligence certification misspells its own verification method ("sherardized") and leaves an unfilled template placeholder ("With regard to docket entries [insert docket numbers]"), and its introduction miscites RESPA as "12 U.S.C. § 2601(b)" rather than § 2605. Plaintiff addresses each of the grounds the Motion raises below.

## II. COUNT I (DECLARATORY JUDGMENT) STATES A CLAIM AGAINST ACOPIA.

A complaint survives Rule 12(b)(6) if it pleads facts that, taken as true, state a plausible claim. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Count I is not a "shotgun" pleading as to Acopia. The Second Amended Complaint specifies Acopia's role — the originating lender that executed the sole purported transfer

instrument (the allonge) — and thereby gives Acopia fair notice of the claim against it and the grounds on which it rests, which is all Rule 8 requires. And even measured against *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015) — an authority Acopia raised for the first time in D.E. 59, which for the reasons in Part I should not be considered, but which in any event does not aid Acopia — the pleading suffices, because the unifying characteristic of a shotgun pleading is its failure to give the defendants adequate notice of the claims against them and the grounds on which each claim rests, and Count I provides exactly that.

Acopia is a proper party to Count I. Declaratory relief lies where there is a substantial, actual controversy of sufficient immediacy and reality. *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). That controversy is present and concrete: Acopia executed the allonge — the only instrument said to have transferred the Note — and has represented in this litigation that it "sold and assigned the Promissory Note to Fannie Mae on or about March 11, 2022" (D.E. 17 ¶ 7). A party that executed the sole purported transfer instrument, and that affirmatively claims to have effected the transfer, is a proper party to a declaration of that instrument's validity and effect, whether or not it presently asserts a continuing "interest." That controversy is deepened, not dispelled, by the pleading. Plaintiff alleges that as of the December 2024 servicing transfer the loan was being subserviced "under a contractual agreement with Acopia, LLC." (D.E. 33 ¶ 33.) On a Rule 12(b)(6) motion the Court takes that allegation as true, and it cannot be squared with Acopia's litigation assertion that it retained no "servicing rights, beneficial interest, or authority" after 2022 (D.E. 17 ¶ 8). The Court need not resolve that tension now — it is enough that it exists; the conflict between Acopia's disclaimer and Plaintiff's well-pleaded allegations is itself the substantial, present controversy that Count I asks the Court to declare.

The controversy is real because the operative facts are disputed, and Acopia cannot resolve them in its favor on a motion to dismiss. The allonge Acopia relies upon is an endorsement in blank — it names no payee — bearing an illegible handwritten signature above the typed designation "Joseph Davidson, President." Nothing authenticates it: there is no evidence that Davidson is an officer of Acopia, no evidence that he was authorized to endorse the Note, no custodian declaration, and no witness with personal knowledge that the signature is his, that he signed it, or when. See Fed. R. Evid. 901, 602. The instrument appears to be a copy, and no original has been produced or accounted for. It was absent from Plaintiff's closing package and from the response to Plaintiff's September 18, 2025 qualified written request — which requested "a certified copy of the original promissory note, including endorsements and assignments" — and surfaced only as a litigation exhibit. (D.E. 33 ¶¶ 18–22.) Plaintiff disputes the authenticity of the allonge.

Acopia cannot cure that dispute by attaching the allonge to a motion to dismiss. A court may consider a document offered with a Rule 12(b)(6) motion, without converting the motion to one for summary judgment, only if the document is central to the claim and its authenticity is not challenged. Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002). A plaintiff places authenticity in issue simply by challenging it. Id. at 1135. Plaintiff has done so here. The allonge therefore cannot be considered or credited as an authenticated, operative transfer instrument on this motion; to weigh it against the pleading, the Court would be required to convert the motion to one for summary judgment. Fed. R. Civ. P. 12(d).

The Eleventh Circuit has told defendants what to do when they wish to rely on their own documents at the pleading stage: provide a supported explanation, or introduce the attachments into the record and convert the motion to one for summary judgment. Renfroe v. Nationstar

4

Mortg., LLC, 822 F.3d 1241, 1245 (11th Cir. 2016); see Fed. R. Civ. P. 12(d). Acopia has done neither. It offers the allonge as an unauthenticated copy, supported by no custodian, no witness, and no explanation, and asks the Court to credit it over the allegations of a verified pleading. That a defendant's exhibit cannot carry that weight follows a fortiori from the rule governing a plaintiff's own attachments, which displace the pleading only where they plainly show the allegations untrue through specific factual details foreclosing recovery as a matter of law. Renfroe, 822 F.3d at 1245.

The allonge cannot be credited for a further, independent reason. An allonge is part of the Note only if it is affixed to it: "a paper affixed to the instrument is a part of the instrument." Fla. Stat. § 673.2041(1). Acopia produced the allonge only as a loose copy, and whether it was ever affixed to the Note cannot be determined from that copy. (D.E. 33 ¶ 18.) On a motion to dismiss, then, the allonge cannot be treated as an operative, affixed endorsement of the Note; that too is a fact question reserved for a later stage.

With Plaintiff's verified allegations (28 U.S.C. § 1746) taken as true and all inferences drawn in his favor, the validity and effect of the allonge — and thus the existence and location of any transfer of the Note — present a genuine, disputed controversy. That dispute is precisely what a declaratory judgment exists to resolve; it is not a basis to dismiss the claim that seeks the declaration. Any conversion to summary judgment would be premature before discovery. See Fed. R. Civ. P. 56(d). Count I should not be dismissed.

## III. COUNT II (QUIET TITLE) RESTS ON A MISREADING OF THE PLEADING.

Acopia's Count II argument stands on a single premise—that "Plaintiff concedes in ¶ 59 of the Complaint that Acopia has no interest." (D.E. 59.) That misreads the Second Amended Complaint. Paragraph 59 addresses Fannie Mae, alleging that "Fannie Mae may claim ownership

of the loan but has not recorded any assignment reflecting its interest in the Official Records of Sumter County, Florida." The paragraph that addresses Acopia is ¶ 58, which alleges that Acopia "has not demonstrated any current interest"—an allegation that Acopia has not proven its role in the chain, not a concession that it holds none. Acopia's premise is simply not in the pleading.

A quiet-title action lies to cancel an adverse "evidence of claim or title" and remove a cloud from the title of the real owner. Fla. Stat. § 65.061(2).

To state the claim, the complaint must show title in the plaintiff and that a cloud exists, and must allege facts giving the apparent claim validity as well as facts showing its invalidity. Stark v. Frayer, 67 So. 2d 237, 239 (Fla. 1953). The Second Amended Complaint alleges both. The apparent claim arises from the recorded mortgage, in which MERS remains mortgagee of record as nominee for Acopia and its successors and assigns. Its infirmity is that the only instrument offered to move the Note out of Acopia is an endorsement in blank that names no transferee, is unauthenticated, and has never been shown affixed to the Note — so no completed transfer to any identified successor appears anywhere in the record. (D.E. 33 ¶ 18.)

Nor is Acopia a stranger to the controversy. Stark distinguished between the two defendants before it. As to the Marshalls, who had asserted nothing and whose supposed claim rested only on what the plaintiffs deemed the consequence of a separate dispute, the Court held no cloud existed. Stark, 67 So. 2d at 239–40. As to Frayer, who had asserted an adverse claim in a judicial proceeding, the Court held the suit properly lay — and held that such an assertion clouds title even where the proceeding ended without a decree on the merits. Stark, 67 So. 2d at 239. Acopia stands in Frayer's position. It executed the only instrument said to have transferred the Note, and it has represented in this proceeding that it "sold and assigned the Promissory Note

to Fannie Mae." (D.E. 17 ¶ 7.) A party that executed the sole transfer instrument and litigates its effect is not a silent stranger to the title.

The absence of any recorded assignment to Fannie Mae (D.E. 33 ¶ 59) corroborates that gap, though the cloud here does not rest on non-recording alone. Whether Acopia retains any interest is a disputed fact that cannot be resolved in its favor on a motion to dismiss. Plaintiff does not overstate Count II—it is the narrowest of his claims—but Acopia's motion does not defeat it on the pleading. To the extent the Court nonetheless finds Count II insufficient as to Acopia, any dismissal should be without prejudice.

## IV. COUNT III (RESPA) STATES A CLAIM AND TURNS ON DISPUTED FACTS.

A. The notice is a disputed fact. RESPA requires a transferor servicer's notice to be given "not less than 15 days before the effective date of transfer of the servicing of the mortgage loan." 12 U.S.C. § 2605(b)(1), (b)(2)(A). The Second Amended Complaint alleges that Acopia only "purportedly issued" a notice, that any such notice was untimely, and that "Plaintiff never received the Acopia notice." (D.E. 33 ¶¶ 41, 62.) Acopia's motion asserts that it issued a compliant fifteen-day notice — a factual assertion that contradicts the well-pleaded allegations and appears nowhere in the pleading. On a Rule 12(b)(6) motion the Court accepts Plaintiff's allegations as true and may not resolve Acopia's contrary assertion; whether Acopia gave any timely notice is a disputed fact that cannot be decided on the pleading. Independently, the Second Amended Complaint pleads a separate origination-stage servicing-notice violation that does not depend on the December 2024 timing at all. (D.E. 33 ¶ 62A.)

B. Actual damages are pleaded. The Second Amended Complaint alleges that Plaintiff suffered actual damages as a result of Defendants' RESPA violations. (D.E. 33 ¶ 64.) At the pleading stage that suffices, and RESPA is to be construed liberally to serve its remedial

purpose. Renfroe, 822 F.3d at 1244. Whether those damages are ultimately provable is not a Rule 12(b)(6) question.

C. Statutory damages. Plaintiff does not dispute that statutory damages under 12 U.S.C. § 2605(f)(1)(B) require a pattern or practice of noncompliance. His claim for actual damages under § 2605(f)(1)(A) carries no such requirement and survives independently. Any ruling that a pattern or practice is insufficiently pleaded would narrow the available remedy, not defeat Count III.

D. Attorney's fees. Plaintiff already withdrew any request for attorney's fees for his own pro se time (D.E. 40), and Acopia acknowledges as much. The point is moot; there is nothing left to strike.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court DENY Defendant Acopia, LLC's Motion to Dismiss (D.E. 59). The Motion's new authorities and arguments exceed the leave granted in D.E. 58 and will not be considered; the grounds that survive fail because they misread the pleading and rest on disputed facts that cannot be resolved on a motion to dismiss. In the alternative, any dismissal as to Acopia should be without prejudice.

Respectfully submitted,

JED ALAN GRAHAM, M.D., Pro Se

**Certification Under Penalty of Perjury That Artificial Intelligence Was Used in the Preparation of This Filing**
I have reviewed the Standing Order Requiring Disclosure of the use of artificial intelligence. Artificial intelligence was used in the preparation of this filing in the following way: Plaintiff used a generative artificial intelligence assistant (Anthropic's Claude) to assist with drafting and formatting this Response, including the drafting of proposed language that Plaintiff reviewed and

adopted. The judicial authorities cited in this Response are Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007); MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118 (2007); Horsley v. Feldt, 304 F.3d 1125 (11th Cir. 2002); Renfroe v. Nationstar Mortg., LLC, 822 F.3d 1241 (11th Cir. 2016); Weiland v. Palm Beach County Sheriff's Office, 792 F.3d 1313 (11th Cir. 2015); and Stark v. Frayer, 67 So. 2d 237 (Fla. 1953). Plaintiff personally read each of these decisions in full before signing. The remaining authorities cited are 12 U.S.C. § 2605; 28 U.S.C. § 1746; Florida Statutes §§ 65.061 and 673.2041; Federal Rules of Civil Procedure 8, 11, 12, and 56(d); and Federal Rules of Evidence 602 and 901, each of which Plaintiff personally read before signing. However, under penalty of perjury, I certify that before filing, I personally reviewed Rule 11 of the Federal Rules of Civil Procedure and I personally read every case. I understand that if a case upon which I rely does not exist or does not reasonably stand for the cited proposition, the Court may treat this as a violation of Rule 11 of the Federal Rules of Civil Procedure. I have reviewed Rule 11 of the Federal Rules of Civil Procedure and I understand that this rule applies equally to counsel and unrepresented parties, that as the person signing this filing I am the person who will be held responsible for its contents even if it was prepared by someone else, and I am familiar with the sanctions available for violations of Rule 11. If this certification is made by counsel, I further understand that citation to a case that either does not exist or does not reasonably stand for the cited proposition may be treated as a violation of my oath of candor toward the tribunal and a basis on which my admission to practice in the Middle District of Florida could be revoked or suspended. Further, whether I represent myself or I am an attorney representing a client, I understand that by making this certification under penalty of perjury I could be referred for criminal prosecution if the statements I make here are false.

Respectfully submitted this 21st day of July 2026.

JED ALAN GRAHAM, M.D., Pro Se
6234 Danielson Loop
The Villages, FL 32163
Phone: 864-993-1984
Email: jedgrahammd@gmail.com

**CERTIFICATE OF SERVICE**

I certify that on July 21, 2026, I deposited the foregoing in the United States mail, certified, postage prepaid, addressed to the Clerk of Court, United States District Court, Middle District of Florida, Ocala Division, 207 NW Second Street, Ocala, Florida 34475, for filing in paper form, Plaintiff not being permitted to file in CM/ECF. (D.E. 18.) Upon docketing, the Court's CM/ECF system generates a Notice of Electronic Filing that is sent to, and effects service upon, each E-filer of record. See Administrative Procedures for Electronic Filing § D (Nov. 18, 2025). I further certify that on July 21, 2026, I served a true and correct copy of the foregoing by electronic mail upon:

Ivan J. Reich, Esq.
Nason Yeager Gerson Harris & Fumero, P.A.
Counsel for Defendant Acopia, LLC

Lauren G. Raines, Esq.
Jessica N. Faucher, Esq.
Bradley Arant Boult Cummings LLP
Counsel for Defendant PNC Bank, National Association;
Ms. Raines is also counsel of record for Defendant
Federal National Mortgage Association

JED ALAN GRAHAM, M.D., Pro Se

10

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA — OCALA DIVISION
Case No.: 5:26-cv-00054-AGM-PRL

JED ALAN GRAHAM, M.D., Plaintiff,

v.

PNC BANK, NATIONAL ASSOCIATION; ACOPIA, LLC; and
FEDERAL NATIONAL MORTGAGE ASSOCIATION ("FANNIE MAE"), Defendants.

# APPENDIX A

## Comparison of Authorities Cited in D.E. 36 and D.E. 59

*(Appendix A catalogues the authorities cited by Acopia in D.E. 36 and D.E. 59 for procedural comparison only; Plaintiff does not rely on those authorities for any proposition.)*

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA — OCALA DIVISION

Graham v. PNC Bank, N.A., et al., No. 5:26-cv-00054-AGM-PRL

### APPENDIX A — Comparison of Authorities Cited
### in D.E. 36 and D.E. 59

This appendix compares the case authorities cited in Acopia's withdrawn Motion to Dismiss (D.E. 36) with those cited in its re-filed Motion to Dismiss (D.E. 59). Of the authorities in D.E. 36, only eight are retained in D.E. 59; D.E. 59 abandons the balance and adds twenty-one case authorities that appear nowhere in D.E. 36.

## A. RETAINED IN BOTH D.E. 36 AND D.E. 59 (8)

1. Ashcroft v. Iqbal
2. Bell Atlantic Corp. v. Twombly
3. Butler v. Dassault Systèmes Americas Corp.
4. Lage v. Ocwen Loan Servicing LLC
5. Munoz v. CitiMortgage, Inc.
6. Williams v. Wells Fargo Bank, N.A.
7. Manzolillo v. Nationstar Mortg., LLC
8. Renfroe v. Nationstar Mortg., LLC

## B. CITED IN D.E. 36 BUT ABANDONED IN D.E. 59 (14)

1. Bank of N.Y. Mellon v. Johnson
2. Carter v. Wells Fargo
3. Culhane v. Aurora Loan Services
4. Fuller v. SunTrust Banks, Inc.
5. Fulton County v. Wells Fargo & Co.
6. A&A Wealth Management, LLC
7. Hexamer v. Foreness
8. Kay v. Ehrler
9. Lockwood v. Chase Bank USA
10. [Mgmt.] LLC v. Secretary of HUD
11. Murray v. Newrez LLC
12. Rhoads v. FDIC
13. Starnes v. Flagstar Bank
14. Trope v. Katz

## C. NEW IN D.E. 59 — APPEARING NOWHERE IN D.E. 36 (21)

1. Anderson v. Dist. Bd. of Trs.
2. Bright v. Thomas
3. Bryant v. Bank of Am., N.A.
4. Castro v. Nieves

5. Catahan v. Wilmington Fin., Inc.
6. Gokhberg v. Cap. One, N.A.
7. Gokhvat Holdings LLC v. U.S. Bank
8. Gorbaty v. Wells Fargo Bank, N.A.
9. In re Stephens
10. Kapsis v. Am. Home Mortg. Servicing Inc.
11. Lane v. Mortgage Electronic Registration Systems (MERS)
12. Magluta v. Samples
13. Martin v. CitiMortgage
14. Mikel v. Corrington Mortg. Servs., LLC [sic]
15. Nunez v. J.P. Morgan Chase Bank, N.A.
16. Perron v. J.P. Morgan Chase Bank, N.A.
17. St.-Fleur v. JPMorgan Chase Bank, N.A.
18. Sutton v. CitiMortgage, Inc.
19. United States ex rel. Taylor v. Multiplan Network
20. Weiland v. Palm Beach Cnty. Sheriff's Office
21. Willner v. Wells Fargo Bank, N.A.

Prepared by Plaintiff from a page-by-page comparison of the authorities cited in D.E. 36 and D.E. 59. Each authority was checked, case by case, for its presence in or absence from each motion. This appendix reflects only which authorities each motion cites; it does not represent that any listed authority exists, is correctly identified, or supports the proposition for which it is cited.