IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

JED GRAHAM

       Plaintiff,                                Case No.: 5:26-cv-00054-AGM-PRL

vs.

ACOPIA, LLC; PNC BANK NATIONAL
ASSOCIATION; SALLIE MAE, INC.;
and any and all SUCCESSOR ENTITIES,
SERVICERS, ASSIGNEES, OR TRANSFEREES,

       Defendants.

_____/

## DEFENDANT, ACOPIA, LLC'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Defendant, Acopia, LLC ("Acopia"), by and through undersigned counsel, files this Reply in further support of its Motion for Summary Judgment (D.E. 60) and replies to Plaintiff's Response (D.E. 62) as follows:

### I.      Introduction

Plaintiff's Response confirms that no genuine dispute of material fact exists as to Acopia. Plaintiff does not dispute that Acopia no longer services the loan, claims no interest in the Note or Mortgage, and is not attempting to enforce either instrument. Instead, Plaintiff argues that summary judgment is premature because Acopia submitted no affidavits, discovery has not commenced, and historical facts regarding the loan transfer remain disputed. None of those arguments precludes summary judgment. Under Rule 56, a defendant that does not bear the burden of proof may satisfy its initial burden by demonstrating that the plaintiff lacks evidence on an

essential element of his claims[1]. Acopia has done precisely that by relying on Plaintiff's own allegations, which establish that Acopia disclaims any present interest in the Note or Mortgage. Plaintiff's Rule 56(d) declaration likewise fails because it identifies no discoverable fact that could establish Acopia's liability[2]. The requested discovery concerns historical matters that are legally irrelevant to whether Acopia presently asserts an adverse interest or may be liable under RESPA. Because Plaintiff cannot establish essential elements of Counts I, II, or III, summary judgment should be entered in Acopia's favor.

## II.    Argument

### A.  Acopia Satisfied Its Initial Burden Under Rule 56

Plaintiff first argues that Acopia failed to satisfy its initial burden because it submitted no affidavit or other evidentiary materials. That argument misstates Rule 56. The Supreme Court expressly rejected the notion that a defendant moving for summary judgment must support its motion with affidavits negating the plaintiff's claims. Instead, a defendant may prevail by demonstrating that the plaintiff lacks evidence establishing an essential element on which the plaintiff bears the burden of proof. *Celotex*, 477 U.S. at 322-23. That is precisely what Acopia has done. Plaintiff's own Second Amended Complaint alleges that Acopia originated the loan, transferred servicing to PNC, and no longer claims any interest in the Note or Mortgage. Indeed, Plaintiff expressly alleges that Acopia "currently has no interest" in those instruments. Those

---

[1] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Graham v. State Farm Mut. Ins. Co.*, 193 F.3d 1274, 1281-82 (11th Cir. 1999). Summary judgment is appropriate where the record demonstrates that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A defendant that does not bear the burden of proof at trial satisfies its initial burden by identifying an absence of evidence supporting an essential element of the plaintiff's claims; it need not negate those claims with affidavits or other affirmative evidence. Once that showing is made, the burden shifts to the nonmovant to identify specific facts demonstrating a genuine issue for trial. Rule 56(d) permits additional discovery only when the nonmovant identifies specific facts likely to exist, explains why those facts cannot presently be obtained, and demonstrates how they would create a genuine issue of material fact. Speculation that discovery might uncover helpful evidence is insufficient.

[2] *Am. Family Life Assurance Co. v. Biles*, 714 F.3d 887 (5th Cir. 2013), *Mdk Sociedad De Responsabilidad Limitada v. Proplant Inc.*, 25 F.4th 360 (5th Cir. 2022); *Nguyen v. CNA Corp.*, 44 F.3d 234 (4th Cir. 1995).

2

judicial admissions establish the facts material to Acopia's motion. Because Plaintiff bears the burden of proving that Acopia presently asserts an adverse legal interest or otherwise remains liable under the theories alleged, Acopia was entitled to rely upon Plaintiff's own allegations to demonstrate the absence of a genuine dispute of material fact. No affidavit was required. Plaintiff's response identifies no evidence contradicting Acopia's disclaimer of interest. Instead, Plaintiff points to disputes concerning the allonge, the transfer history, and the servicing relationship. Even if those historical facts were disputed, they do not establish that Acopia presently claims any enforceable interest in the loan or remains liable on Plaintiff's claims. Rule 56 requires disputes over material facts—not historical facts that have no legal effect on Acopia's current status. Accordingly, Acopia has satisfied its burden under Rule 56, and Plaintiff's first objection fails.

B. **Plaintiff's Rule 56(d) Request Does Not Justify Deferring Summary Judgment**

Plaintiff alternatively asks the Court to defer ruling under Rule 56(d) because discovery has not commenced. Rule 56(d), however, is not a mechanism for delaying summary judgment merely because discovery remains outstanding. A party seeking relief must identify specific facts likely to exist, explain why those facts cannot presently be obtained, and demonstrate how those facts would create a genuine issue of material fact. Speculation that discovery may uncover helpful evidence is insufficient. Plaintiff identifies four categories of proposed discovery: (1) the execution and authenticity of the allonge; (2) the December 17, 2024, servicing-transfer notice; (3) the terms of Acopia's transfer of the Note and servicing rights; and (4) facts relating to alleged RESPA damages. None would defeat summary judgment. First, discovery regarding the allonge is immaterial. Regardless of when the allonge was executed or whether it was permanently affixed to the Note, Acopia expressly disclaims any present interest in the Note or Mortgage. The validity of the transfer may affect the rights of subsequent holders, but it cannot create liability against a

3

4936-2387-5521, v. 1

party that asserts no current interest. Plaintiff therefore fails to explain how discovery concerning the allonge could establish any element of his claims against Acopia. Second, Plaintiff seeks discovery regarding the December 17, 2024, servicing-transfer notice. Yet Plaintiff's own Complaint alleges that the notice was sent on December 17, 2024, fifteen days before the January 1, 2025, transfer date. Even accepting Plaintiff's allegations as true, those facts establish compliance with 12 U.S.C. § 2605(b)(1), which measures compliance by the date notice is sent, not received. Moreover, Plaintiff alleges no injury resulting from the transfer. He remained current on the loan, alleges no misapplied payments, and identifies no concrete harm attributable to the notice. Discovery regarding the mechanics of mailing therefore would not create a material factual dispute. Third, Plaintiff seeks discovery concerning the terms of Acopia's disposition of the Note and its servicing agreements. Those historical transactions are likewise immaterial. The dispositive issue is whether Acopia presently claims an enforceable interest or may be held liable under Plaintiff's asserted causes of action. The details of prior assignments or servicing arrangements do not alter Acopia's present disclaimer of interest and therefore cannot establish liability under Counts I or II or ongoing liability under RESPA. Finally, Plaintiff suggests discovery may uncover evidence of actual RESPA damages. Rule 56(d), however, requires more than hope that evidence might exist. Plaintiff identifies no specific injury caused by Acopia's alleged conduct. He alleges no foreclosure, delinquency, misapplied payments, out-of-pocket losses, or other concrete damages resulting from the servicing transfer. Because Plaintiff identifies no factual basis from which recoverable damages could be established, additional discovery cannot cure this essential defect. In short, each category of requested discovery concerns historical matters that are legally immaterial or seeks evidence Plaintiff merely speculates may exist. Rule 56(d) does not authorize discovery under those circumstances. Because Plaintiff has failed to identify any discoverable fact

4936-2387-5521, v. 1

capable of creating a genuine dispute of material fact as to Acopia, his request to defer summary judgment should be denied.

### C. **Count I - Declaratory Judgement Fails as a Matter of Law**

Count I fails for a straightforward reason: there is no actual controversy between Plaintiff and Acopia. The Declaratory Judgment Act requires an existing controversy between parties with adverse legal interests. Plaintiff does not dispute that Acopia no longer services the loan, claims no interest in the Note or Mortgage, and seeks no right to enforce either instrument. Plaintiff's own Complaint alleges that Acopia "currently has no interest" in the loan documents. Without a present adverse legal interest, Acopia is not a proper defendant to Plaintiff's request for declaratory relief. Plaintiff instead attempts to create a factual dispute by challenging the authenticity of the allonge and the history of the loan transfers. Those issues, however, concern only historical events. Even if Plaintiff were correct on every factual dispute he identifies, none would establish that Acopia presently asserts any right under the Note or Mortgage. The declarations Plaintiff seeks concern PNC's authority to enforce the loan—not Acopia's. Because Acopia disclaims any enforceable interest and is not attempting to collect, service, or foreclose the loan, no justiciable controversy exists between Plaintiff and Acopia. Count I therefore fails as a matter of law.

### D. **Count II – Plaintiff's Quiet Title Claim Fails as a Matter of Law**

Count II fails because Acopia asserts no present claim against Plaintiff's property. Under Florida law, a quiet title action requires the plaintiff to establish that the defendant presently asserts a claim or interest that clouds the plaintiff's title[3]. Plaintiff expressly alleges that Acopia "currently has no interest" in the Note or Mortgage, and Acopia has consistently disclaimed any ownership or enforcement rights. That concession is fatal to Count II because a defendant who claims no

---

[3] Fla. Stat. §65.061; *U.S. Bancorp v. Taharra Assets 5545, Inc.*, 378 So. 3d 630, 633-34 (Fla. 4th DCA 2024); *Polycarpe v. Fannie Mae*, 423 So. 3d 20, 25-29 (Fla. 4th DCA 2025).

5

present interest cannot simultaneously maintain the cloud on title necessary to support a quiet title action. Plaintiff again relies upon disputes concerning the allonge, the transfer history, and Acopia's prior role as lender and servicer. Those facts are legally immaterial. Even assuming Plaintiff's version of those events is correct, they do not establish that Acopia presently claims any interest in the property. Nor does Plaintiff avoid summary judgment by arguing that Acopia's disclaimer was not recorded. As between the parties, the effectiveness of Acopia's disclaimer turns on its unequivocal abandonment of any present claim—not on whether notice was recorded for the benefit of third parties[4]. The only relevant question is whether Acopia presently claims an enforceable interest. It does not. Because Plaintiff cannot establish the existence of any adverse claim by Acopia, Count II fails as a matter of law.

E. **Count III – Plaintiff's Cannot Establish a RESPA Claim**

Actual damages are an essential element of a claim under 12 U.S.C. §2605(f). A plaintiff must establish a causal connection between the alleged statutory violation and a concrete injury[5]. Plaintiff has done neither. He alleges no foreclosure, no delinquency, no misapplied payments, no out-of-pocket expenses, and no financial injury resulting from Acopia's servicing of the loan or the servicing transfer. Instead, he relies upon conclusory allegations and the possibility that discovery may uncover damages. Rule 56 does not permit a plaintiff to avoid summary judgment based upon speculation. Nor can Plaintiff rely upon attorney's fees as actual damages under RESPA. Plaintiff has already acknowledged that he is not entitled to attorney's fees, and in any event, attorney's fees incurred in litigation do not constitute recoverable actual damages under

---

[4] Fla. Stat. §739.104 & §739.601 recognizes that a disclaimer need not be recorded to be effective as between the parties. *Lee v. Lee*, 263 So. 3d 826, 827-28 (Fla. 3d DCA 2019).

[5] *Wirtz v. Specialized Loan Servicing, LLC*, 886 F.3d 713, 718-20 (8th Cir. 2018); *Diedrich v. Ocwen Loan Servicing, LLC*, 839 F.3d 583, 589-93 (7th Cir. 2016); *Moore v. Wells Fargo Bank, N.A.,* 908 F.3d 1050, 1059-60 (7th Cir. 2018); *Toone v. Wells Fargo Bank, N.A.*, 716 F.3d 516, 523 (10th Cir. 2013).

4936-2387-5521, v. 1

§2605(f). Absent proof of actual damages caused by Acopia's alleged conduct, Count III fails.

Plaintiff also contends that Acopia violated RESPA by providing insufficient advance notice of the servicing transfer. The argument is refuted by Plaintiff's own allegations. Plaintiff alleges that Acopia mailed the transfer notice on December 17, 2024, and that servicing transferred on January 1, 2025. That is fifteen days—not fourteen days—before the effective transfer date and therefore satisfies the timing requirement of 12 U.S.C. §2605(b)(1). Moreover, the statute measures compliance by when the notice is sent. Plaintiff's assertion that he may not have received the notice does not create a statutory violation where the notice was timely mailed. Accordingly, Plaintiff's own allegations establish compliance with RESPA.

Plaintiff likewise cannot recover statutory damages. 12 U.S.C. §2605(f)(1)(B) authorizes additional damages only upon proof of a pattern or practice of noncompliance. Plaintiff alleges only isolated conduct involving his own loan and identifies no facts suggesting routine or systemic violations affecting other borrowers. More fundamentally, because Plaintiff cannot establish actual damages, he cannot recover statutory damages under RESPA[6]. Accordingly, Count III fails as a matter of law.

## 1. **CONCLUSION**

Plaintiff's Response identifies no genuine dispute of material fact. The undisputed record establishes that Acopia claims no present interest in the Note or Mortgage, Plaintiff cannot establish an actual controversy or adverse claim, and Plaintiff cannot prove the essential elements of a RESPA claim. Because further discovery cannot alter those undisputed facts, Acopia respectfully requests that the Court grant summary judgment in its favor on all counts and enter final judgment accordingly.

---

[6] See fn. 5 above.

4936-2387-5521, v. 1

Respectfully submitted,

Nason Yeager Gerson Harris & Fumero, P.A.
*Counsel for Defendant Acopia, LLC*
3001 PGA Blvd., Suite 305
Palm Beach Gardens, FL 33410
Tel: (561) 982-7114
*ireich@nasonyeager.com*
*etorres@nasonyeager.com*
*llavander@nasonyeager.com*
*jheredia@nasonyeager.com*

By: */s/ Ivan J. Reich*
    Ivan J. Reich (Fla. Bar No. 778011)

## <u>CERTIFICATION UNDER PENALTY OF PERJURY THAT ARTIFICIAL INTELLIGENCE WAS USED IN THE PREPARATION OF THIS FILING</u>

I have reviewed the Standing Order Requiring Disclosure of the use of artificial intelligence. Artificial intelligence was used in the preparation of this filing in the following way. Prepared with assistance from Lexis' Protégé AI that through Lexis-Nexis which can and has confirmed that all citations contained herein are verifiable, non-hallucinated, sherardized and stand for the proposition for which they are stated. Chat GPT was also utilized to shorten the final product and reduce redundancies. However, under penalty of perjury, I certify that before filing, I personally reviewed Rule 11 of the Federal Rules of Civil Procedure and I personally read every case. I understand that if a case upon which I rely does not exist or does not reasonably stand for the cited proposition, the Court may treat this as a violation of Rule 11 of the Federal Rules of Civil Procedure. I have reviewed Rule 11 of the Federal Rules of Civil Procedure and I understand that this rule applies equally to counsel and unrepresented parties, that as the person signing this filing I am the person who will be held responsible for its contents even if it was prepared by someone else, and I am familiar with the sanctions available for violations of Rule 11. If this

8

4936-2387-5521, v. 1

certification is made by counsel, I further understand that citation to a case that either does not exist or does not reasonably stand for the cited proposition may be treated as a violation of my oath of candor toward the tribunal and a basis on which my admission to practice in the Middle District of Florida could be revoked or suspended. Further, whether I represent myself or I am an attorney representing a client, I understand that by making this certification under penalty of perjury I could be referred for criminal prosecution if the statements I make here are false.

/s/ Ivan J. Reich
Ivan J. Reich

## CERTIFICATION OF COMPLIANCE WITH RULE 11

I certify that I have reviewed the Standing Order Requiring Disclosure of the Use of Artificial Intelligence. With regard to this Motion for Summary Judgement, by my signature below I confirm under penalty of perjury that if artificial intelligence was used, every cited authority was personally reviewed by the filer in advance of the filing.

/s/ Ivan J. Reich
Ivan J. Reich

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing is being served this 28th day of July, 2026, upon all parties entitled to receive service through this Court's CM/ECF system, and via email upon Plaintiff at jedgrahammd@gmail.com, and PNC's counsel, Lauren G. Raines, Esq., @ lraines@bradley.com, and Jessica Noelle Faucher, Esq., @ jfaucher@bradley.com.

/s/ Ivan J. Reich
Ivan J. Reich

9

4936-2387-5521, v. 1