**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

JED GRAHAM,

Plaintiff,

Case No.: 5:26-cv-00054-AGM-PRL

v.

PNC BANK, NATIONAL ASSOCIATION; ACOPIA, LLC; and FEDERAL NATIONAL MORTGAGE ASSOCIATION ("FANNIE MAE"),

Defendants.
_________________________________/

**PNC BANK, NATIONAL ASSOCIATION'S AND FEDERAL NATIONAL MORTGAGE ASSOCIATION'S DISCLOSURE STATEMENT UNDER RULE 7.1, FEDERAL RULES OF CIVIL PROCEDURE, AND LOCAL RULE 3.03**

Pursuant to Federal Rule of Civil Procedure 7.1, and Local Rule 3.03, the undersigned counsel for Defendants PNC Bank, N.A. ("**PNC**"), and Federal National Mortgage Association ("**Fannie Mae**" together with PNC, "**Defendants**") hereby certify the following:

**Recusal Information**

1. If the filer is a non-governmental corporation, identify any parent corporation and any publicly held corporation holding 10% or more of the filer's shares.
   a. PNC is a national banking association and the indirect banking subsidiary of The PNC Financial Services Group, Inc., which is a publicly traded company that is traded on the New York Stock Exchange (ticker symbol

PNC). PNC is wholly owned by PNC Holding LLC, which is a wholly owned subsidiary of The PNC Financial Services Group, Inc.

b. Fannie Mae was established as a government-sponsored enterprise ("GSE") to provide stability and liquidity in the secondary mortgage market and to make mortgages more accessible for low- and middle-income Americans. 12 U.S.C. § 1716(1), (4); *id.* § 1719, *et seq*.; *id.* § 4501(1), (2) & (7). Fannie Mae does not have a parent corporation and according to SEC filings, no publicly held corporation owns more than 10% of Fannie Mae's common (voting) stock.

2. Identify any other entity or natural person — not a party or counsel of record — with an interest the action's outcome might substantially affect.

   None.

3. Identify any lawyer — other than counsel of record — who serves or has served in the action as a lawyer for the filer, who is financially interested in the action, or who might appear as a material witness in the action.

   None.

4. If this is a bankruptcy appeal, identify the debtor, the trustee, and the members of the creditors' committee.

   Not applicable.

5. Identify any entity or natural person not already disclosed and likely to actively participate in this action.

   None.

6. Identify any conflict of interest affecting the district judge or the magistrate judge in this action.

None.

**Citizenship Information**

7. If a pleading or notice of removal asserts diversity jurisdiction under 28 U.S.C. § 1332(a) or supplemental jurisdiction under 28 U.S.C. § 1367(a), state the filer's citizenship.

Not applicable.

8. If this is a class action under 28 U.S.C. § 1332(d), state the filer's citizenship. If the filer is an unincorporated association, identify the association's principal place of business and the state under whose laws the association is organized.

Not applicable.

**CERTIFICATE**

The filer certifies that the disclosures in this statement are complete and accurate to the best of the filer's knowledge, information, and belief. The filer agrees to revise and supplement the disclosures throughout the pendency of the action to ensure continuing completeness and accuracy.

Respectfully,

*/s/ Lauren Raines*

**Lauren G. Raines | FBN: 11896**
Primary Email: lraines@bradley.com
Secondary Email: jbrandt@bradley.com
**Jessica N. Faucher, Esq. | FBN: 1070452**
Primary Email: jfaucher@bradley.com

Secondary Email: mphilippe@bradley.com
**BRADLEY ARANT BOULT CUMMINGS LLP**
1001 Water Street, Suite 1000
Tampa, FL 33602-5468
T: (813) 559-5500 | F: (813) 229-5946
*Counsel for Defendant, PNC Bank, N.A.*

## CERTIFICATION UNDER PENALTY OF PERJURY THAT ARTIFICIAL INTELLIGENCE WAS NOT USED IN THE PREPARATION OF THIS FILING

I have reviewed the Standing Order Requiring Disclosure of the use of artificial intelligence. After diligent inquiry and under penalty of perjury, I certify that artificial intelligence was not utilized in the preparation of this filing in any way. I understand that, whether I represent myself or I am an attorney representing a client, I have an affirmative obligation to read each case cited in this filing. If I fail to do so and a case upon which I rely does not exist or does not reasonably stand for the cited proposition, I understand that the Court may treat this as a violation of Rule 11 of the Federal Rules of Civil Procedure. I have reviewed Rule 11 of the Federal Rules of Civil Procedure and I understand that this rule applies equally to counsel and unrepresented parties, and I am familiar with the sanctions available for violations of Rule 11. If this certification is made by counsel, I further understand that citation to a case that either does not exist or does not reasonably stand for the cited proposition may be treated as a violation of my oath of candor toward the tribunal and a basis on which my admission to practice in the Middle District of Florida could be revoked or suspended. Further, whether I represent myself or I am an attorney representing a client, I understand that by making this certification under penalty of perjury I could be referred for criminal prosecution if the statements I make here are false.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 10, 2026, a true and correct copy of the foregoing was filed via PACER Federal Court Filing System, which will generate and send an electronic copy to all counsel of record, and by E-Mail to the recipients listed below:

**Via: E-mail**
Jed Graham
6234 Danielson Loop
The Villages, Florida 32163
jedgrahammd@gmail.com

*/s/ Lauren G. Raines*
**ATTORNEY**