**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

JED GRAHAM,

Plaintiff,

Case No.: 5:26-cv-00054-AGM-PRL

v.

PNC BANK, NATIONAL ASSOCIATION; ACOPIA, LLC; and FEDERAL NATIONAL MORTGAGE ASSOCIATION ("FANNIE MAE"),

Defendants.
________________________________/

# UNIFORM CASE MANAGEMENT REPORT

The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. See Fed. R. Civ. P. 1.

## 1. Date and Attendees

The parties conducted the planning conference on September 10, 2026, by Zoom video conference hosted by counsel for PNC Bank, National Association ("PNC") and Federal National Mortgage Association ("Fannie Mae"). See Local Rule 3.02(a)(1) (the conference may be conducted "in person, by telephone, or by comparable means").

Attorney Jessica Faucher attended the conference on behalf of PNC and Fannie Mae. Attorney Ivan Reich attended the conference on behalf of Acopia, LLC ("Acopia"). Plaintiff, Jed Graham, attended the conference on behalf of himself.

## 2. Deadlines and Dates

The parties request these deadlines and dates:

| Action or Event | Date |
|---|---|
| Deadline for providing mandatory initial disclosures. See | September 24, |

| | |
|---|---|
| Fed. R. Civ. P. 26(a)(1). | 2026 |
| Deadline for moving to join a party, see Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, see Fed. R. Civ. P. 15(a). | November 16, 2026 |
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B).<br>Plaintiff | May 28, 2027 |
| Defendant | June 28, 2027 |
| Rebuttal | July 28, 2027 |
| Deadline for completing discovery and filing any motion to compel discovery. See Fed. R. Civ. P. 37; Middle District Discovery (2021). | September 30, 2027 |
| Deadline for moving for class certification, if applicable. See Fed. R. Civ. P. 23(c). | Not applicable |
| Deadline for filing any dispositive and Daubert motion. See Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | November 1, 2027 |
| Deadline for participating in mediation. See Local Rules, ch. 4.<br>Mediator: The parties will select a mediator and conduct mediation by the agreed deadline. | November 15, 2027 |
| Date of the final pretrial meeting. See Local Rule 3.06(a). | February 17, 2028 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. See Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | March 16, 2028 |
| Date of the final pretrial conference. See Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | March 23, 2028 |
| Month and year of the trial term. | April 2028 |

The trial will last approximately five days.

The parties were unable to come to an agreement as to whether the trial would be conducted via a jury or non-jury. Plaintiff elects a jury trial. Defendants, PNC, Fannie Mae, and Acopia object and elect a non-jury trial.

**3. Description of the Action**

This is a civil action arising out of a residential mortgage loan secured by property in Sumter County, Florida. Plaintiff, the borrower, brings claims concerning the ownership and enforceability of the note and mortgage, the endorsement and transfer of the note, the December 2024 transfer of loan servicing, and Defendants' responses to a qualified written request under the Real Estate Settlement Procedures Act. The action was filed in the Circuit Court for Sumter County, Florida, and removed to this Court on January 22, 2026. The operative pleading is the Second Amended Complaint (D.E. 33). The action is of ordinary complexity for a case of this type. Four dispositive motions are pending: D.E. 30, D.E. 39, D.E. 59, and D.E. 60.

**4. Disclosure Statement**

☒ Each party has filed a disclosure statement using the required form.

**5. Related Action**

☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

**6. Consent to a Magistrate Judge**

☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge."

☒ The parties do not consent.

**7. Preliminary Pretrial Conference**

☐ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☒ The parties do request a preliminary pretrial conference, and the parties want to discuss: (a) the effect, if any, of the four pending dispositive motions (D.E. 30, 39, 59, and 60) on the schedule proposed in Section 2; (b) whether D.E. 30, which is directed to the superseded Amended

Complaint (D.E. 22) rather than to the operative Second Amended Complaint (D.E. 33), remains pending; and (c) the sequencing of discovery in light of Defendant Acopia, LLC's position that case management should be deferred until the pending motions are decided.

**8. Discovery Practice**

☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. See Local Rule 3.01(g); Middle District Discovery (2021) at § I.A.2.

**9. Discovery Plan**

The parties submit the following discovery plan under Rule 26(f)(2):

A. The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

☒ Yes.

☐ No; instead, the parties agree to these changes:

Initial disclosures under Rule 26(a)(1) will be made on or before September 24, 2026, which is fourteen days after the Rule 26(f) conference. See Fed. R. Civ. P. 26(a)(1)(C).

B. Discovery may be needed on these subjects:

Plaintiff submits that discovery may be needed on these subjects, to which Defendants, PNC, Fannie Mae, and Acopia disagree:

(a) The authentication, execution, and affixation of the allonge to the note bearing a blank endorsement "Without Recourse" in the name of Acopia, LLC by Joseph Davidson, President, dated February 2, 2022, and produced in this action at D.E. 12-2 and D.E. 17-2, including the identity and authority of the signer, when and by whom the instrument was executed and affixed, and its relationship to the closing package transmitted to the settlement or title agent on or about February 2, 2022.

(b) The chain of title to the note and mortgage from origination to the present, and the chain of servicing authority among Acopia, LLC, PNC Bank, N.A., Dovenmuehle Mortgage, Inc., and Federal National Mortgage Association, including acquisition, delivery and purchase records, loan schedules, custodial files and certifications, assignments recorded or unrecorded, and MERS records for MIN 1006646-1000146150-9.

(c) The location and custody of the original note from February 2, 2022 to the present, identifying each custodian and each transfer of custody, and the identity of the owner and holder of the note on each relevant date.

(d) Whether Acopia, LLC retained, exercised, or purported to convey any interest or authority with respect to the loan after March 11, 2022, including the notice of transfer of servicing dated on or about December 17, 2024 and the servicing transfer effective on or about January 1, 2025, and the consistency of that conduct with the Disclaimer of Interest filed at D.E. 17.

(e) Plaintiff's qualified written request dated September 18, 2025 and Defendants' responses to it; the records of the December 17, 2024 servicer-transfer notice, including its generation, mailing and vendor records; and the records bearing on Plaintiff's actual damages, including investigation and dispute costs, under 12 U.S.C. § 2605.

(f) The foundation for the admission of any business record on which a Defendant relies, including: who or what system "made" each record, and whether it was made at or near the time by — or from information transmitted by — someone with knowledge; whether the record has been kept and maintained by the producing party in the course of a regularly conducted activity, and whether making the record was a regular practice of that activity; for any record received from a prior servicer, originator, or other entity, whether and how the producing party verified that record and incorporated it into records it keeps in the regular course; whether any record, or any part of one, was created or compiled for this litigation rather than in the regular course of business; the source of the information in each record and the method and

circumstances of its preparation; and the identity of the custodian or other qualified witness competent to lay that foundation, together with any certification a Defendant intends to offer in lieu of testimony. See Fed. R. Evid. 803(6)(A)–(E), 901, and 902(11).

*[These subjects correspond to the categories identified in Plaintiff's declaration under Fed. R. Civ. P. 56(d) filed as an exhibit to D.E. 62.]*

C. Discovery should be conducted in phases:

The parties were unable to come to an agreement as to whether discovery should or should not be conducted in phases. Plaintiff requests that discovery not be conducted in phases. Defendants, PNC, Fannie Mae, and Acopia request that discovery be conducted in phases and that discovery shall not proceed until the Court's ruling on the pending dispositive motions, upon which discovery shall then proceed

D. Are there issues about disclosure, discovery, or preservation of electronically stored information?

Defendants, PNC, Fannie Mae, and Acopia do not believe there are issues about disclosure, discovery, or preservation of electronically stored information.

Plaintiff disagrees and describes the issues as follows: A substantial portion of the documents at issue — loan-origination and closing files, servicing system records, notice-generation and mailing records, and correspondence — exists only in electronic form and is held by Defendants and their vendors and subservicers. The parties propose to address: (i) the systems and custodians in which responsive electronically stored information resides; (ii) the steps each party has taken to preserve it; (iii) the relevant time periods; (iv) the form or forms of production, Plaintiff proposing production in native format with metadata intact for loan-file documents and reasonably usable image format with load files for the remainder; (v) search terms and methodology; and (vi) confidentiality and the treatment of personal financial information. See Fed. R. Civ. P. 26(f)(3)(C).

E.

☒ The parties state the following views and proposals on any issues about claims of privilege or of protection as trial-preparation materials, including the timing and method for complying with Rule 26(b)(5)(A), Federal Rules of Civil Procedure, and — if the parties agree on a procedure to assert these claims after production — whether to ask the Court to include any agreement in an order under Rule 502(d), Federal Rules of Evidence:

A party withholding a document on a claim of privilege or work-product protection will serve a privilege log within thirty days after the production from which the document is withheld. The log will identify, for each document, its description, date, author, addressees and other recipients, subject matter and purpose in a manner that does not reveal the privileged or protected information itself, any Bates range, and the privilege asserted. See Middle District Discovery (2021) § VI.A. The parties further propose that the Court enter an order under Federal Rule of Evidence 502(d) providing that the production of privileged or protected material does not waive the privilege or protection in this or any other proceeding, and the parties will submit a proposed order for that purpose.

F. The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

☐ No.

☒ Yes; describe the stipulation.

Document Requests – The parties agree that the First Set of Requests for Production of Documents shall not exceed 35 requests. The parties agree to meet and confer if any party believes there is a need for additional requests.

Requests to Admit - The parties agree that the First Set of Requests for Admission shall not exceed 35 requests. The parties agree to meet and confer if any party believes there is a need for additional requests.

Consent to E-mail Service - Pursuant to Federal Rules of Civil Procedure 5(b)(2)(E), the parties consent to serve and exchange documents that cannot

be served on the parties via the Court' s CM/ECF system via electronic means—such as e-mail to Pro se Plaintiff(s) and counsel for the parties using their e-mail addresses as listed in the Court's CMC/ECF system—in which event service is complete upon transmission, but not effective if the serving party learns that it did not reach the person to be served.

The parties agree that discovery will need to be governed by a confidentiality agreement or order and the parties will confer to draft such agreement or joint motion for entry of confidentiality order. If the parties disagree concerning the need for, and/or the scope or form of a protective order, the party or parties seeking such an order shall file an appropriate motion and supporting memorandum.

**10. Request for Special Handling**

☒ The parties do not request special handling.

☐ The parties request special handling. Specifically, describe requested special handling.

☐ [Party name] unilaterally requests special handling. Specifically, describe requested special handling.

**11. Certification of familiarity with the Local Rules**

☒ The parties certify that they have read and are familiar with the Court's Local Rules.

**Statement Regarding the Timing of This Report**

Local Rule 3.02(b)(2) requires the case management report to be filed within forty days after the docketing of an action removed to this Court. This action was docketed on January 22, 2026 and the parties conducted the Rule 26(f) conference on September 10, 2026.

**12. Signatures**

*/s/ Jed Alan Graham*______________
Jed Alan Graham, M.D.
Plaintiff, Pro Se
Date: September 23, 2026

*/s/ Ivan J. Reich*_________________
Ivan J. Reich, Esq.
Counsel for Acopia, LLC
Date: September 23, 2026

*/s/ Jessica N. Faucher*_____________
Jessica N. Faucher, Esq.
Counsel for PNC Bank, N.A. and
Federal National Mortgage Association
Date: September 23, 2026

**CERTIFICATION UNDER PENALTY OF PERJURY THAT ARTIFICIAL INTELLIGENCE WAS USED IN THE PREPARATION OF THIS FILING**

I have reviewed the Standing Order Requiring Disclosure of the use of artificial intelligence. Artificial intelligence was used in the preparation of this filing in the following way: Plaintiff, who is self-represented, used an artificial-intelligence assistant to review and comment on drafts of this report prepared by counsel for Defendants, to compare those drafts against Plaintiff's own comments and the record of the parties' September 10, 2026 conference, to check the report's internal dates and cross-references, and to locate and read the Federal Rules of Civil Procedure, the Local Rules of this Court, and this Court's standing orders. This report cites no case authority. Plaintiff personally read the final text of this report before signing it. However, under penalty of perjury, I certify that before filing, I personally reviewed Rule 11 of the Federal Rules of Civil Procedure and I personally read every case. I understand that if a case upon which I rely does not exist or does not reasonably stand for the cited proposition, the Court may treat this as a violation of Rule 11 of the Federal Rules of Civil Procedure. I have reviewed Rule 11 of the Federal Rules of Civil Procedure and I understand that this rule applies equally to counsel and unrepresented parties, that as the person signing this filing I am the person who will be held responsible for its contents even if it was prepared by someone else, and I am familiar with the sanctions available for violations of Rule 11. If this certification is made by counsel, I further understand

that citation to a case that either does not exist or does not reasonably stand for the cited proposition may be treated as a violation of my oath of candor toward the tribunal and a basis on which my admission to practice in the Middle District of Florida could be revoked or suspended. Further, whether I represent myself or I am an attorney representing a client, I understand that by making this certification under penalty of perjury I could be referred for criminal prosecution if the statements I make here are false.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 23, 2026, a true and correct copy of the foregoing was filed via PACER Federal Court Filing System, which will generate and send an electronic copy to all counsel of record, and by E-Mail to the recipients listed below:

**Via: E-mail**
Jed Graham
6234 Danielson Loop
The Villages, Florida 32163
jedgrahammd@gmail.com

*/s/ Jessica N. Faucher*
**ATTORNEY**