IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

JED GRAHAM

Plaintiff, Case No.: 5:26-cv-00054-AGM-PRL

vs.

ACOPIA, LLC; PNC BANK NATIONAL ASSOCIATION; SALLIE MAE, INC.; and any and all SUCCESSOR ENTITIES, SERVICERS, ASSIGNEES, OR TRANSFEREES,

Defendants.
_________________________________________________________/

**DEFENDANT, ACOPIA, LLC, AS MOVANT'S STATEMENT OF FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGEMENT (DOC. # 60) AGAINST SECOND AMENDED COMPLAINT (DOC. # 33)**

Defendant, Acopia, LLC ("Acopia"), by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 56, Local Rule 3.01, and this Court's Standing Order Establishing Summary Judgment Procedure (Doc. # 72), files this Movant's Statement of Facts in support of its Motion for Summary Judgement (Doc. # 60) against Plaintiff, Jed Graham's ("Plaintiff" or "Graham") Second Amended Complaint (Doc. # 33) (the "Complaint"), as plead against Acopia:

1. Plaintiff has brought a 71 paragraph, four count Complaint, for (i) a declaratory Judgment against all defendants in Court I ("Count I" or the "Declaratory Judgement Count"), (ii) for quiet title against all defendants in Court II ("Count II" or the "Quiet Title Count"), (iii) for violations of the Real Estate Settlement Procedures Act, 12 U.S,C. §2601(b) ("RESPA"), against Acopia and Defendant, PNC Bank, N.A. ("PNC") ("Count III" or the "RESPA Count"), and for violations of the Truth In Lending Act, 15 U.S.C. §1641(g) ("TILA") against just Defendant, PNC, and not Acopia ("Count IV" or the "TILA Count") (Doc. # 33).

2. The Complaint is related to a loan, note and mortgage that Acopia no longer owns



4897-2957-1798, v. 1

nor services and has in fact disclaimed any interest it had or might have. (Doc. # 17, pg. 5).

3. Acopia filed a Disclaimer of its Interest in this action, which states: "DISCLAIMER OF INTEREST. Acopia expressly disclaims any current or future interest in the subject Promissory Note, the Mortgage, or the Property held as security for the Promissory Note and the Mortgage. Acopia has no intention of asserting any claim against Plaintiff or the Property and has not engaged in any conduct suggesting otherwise. Acopia's disclaimer is unconditional and irrevocable, and is made to eliminate any possible claim that Acopia is a necessary or proper party to this action." (Doc. # 17, pg. 5).

4. Plaintiff has plead in the Complaint against Acopia that Acopia is the original lender and payee on Plaintiff's February 2, 20222 Promissory Note (the "Note") (Doc. # 17, Ex. B thereto, Doc. # 33, ¶7 & ¶10).

5. The Note specifically provides: "I understand that the Lender [Acopia] may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the 'Note Holder.'" (Doc. # 17, Ex. B thereto, §1).

6. Plaintiff has plead in the Complaint against Acopia that Acopia assigned internal account #1001212046 upon boarding the loan (Doc. # 33, ¶11).

7. Plaintiff has plead in the Complaint against Acopia that the Mortgage (the "Mortgage") pledged as collateral on Plaintiff's real property with an address of 6234 Danielson Loop, The Villages, Florida 32163, securing the Note names Mortgage Electronic Registration System ("MERS") solely as nominee for Acopia (Doc. # 17, Ex. A & C thereto, Doc. # 33, ¶13).

8. Acopia sold and assigned the Note to Fannie Mae on or about March 11, 2022 (Doc. # 17, ¶7).

9. The Note Holder, the party of interest in the Note, is Fannie Mae, as assignee (Doc.

# 17, ¶¶3 & 9).

10. The Note Holder, Fannie Mae, as assignee is also the beneficiary of the Mortgage that provides the Property as Security for the Note (Doc. # 17, ¶¶10).

11. PNC Bank assumed the role as the servicer of the Mortgage (Doc. # 17, Ex. A).

12. Acopia does not currently have any servicing rights, beneficial interest, or authority over the Note or the Mortgage, nor does it assert any interest in the Property. (Doc. # 17, ¶8, pg. 5).

13. Plaintiff has plead in the Complaint against Acopia that Plaintiff made all of its loan payments prior to Acopia's transfer of its serving to PNC on January 1, 2025, to Acopia's contractual sub-servicer, and not to Acopia. (Doc. # 33, ¶15).

14. The Mortgage was filed with the Sumter County, Florida, Clerk of Court's Office on February 24, 2022, Instrument #: 202260009289, Page 11 of 12, B; 4209, P: 199. (Doc. # 17, ¶5).

15. Section 20 of the Mortgage deals with the Sale of the Note, Change of Loan Servicer, and Notice of Grievance (Doc. # 17, ¶5, Ex. C, §20).

16. Plaintiff has plead in the Complaint against Acopia and acknowledged that he has been current and never delinquent on the loan, and there are no allegations that the Mortgage has been foreclosed upon, and that any payments have ever not been creditor or misapplied by Acopia, or any subsequent servicer. (Doc. # 33, ¶16).

17. Plaintiff has plead in the Complaint against Acopia that Acopia, sent a single servicer transfer notice to Plaintiff, which he alleges he never received, on information and belief, on or about December 17, 2024, with respect to the effective January 1, 2025 transfer of the servicing of his loan to PNC, which he inaccurately calculates is 14 days, rather than actually 15

days, claiming said notice by Acopia to be in violation of 12 U.S.C. §2605(b)(1)'s 15-day servicing notice requirement (Doc. # 33, ¶17, 34 & 63).

18. Plaintiff has acknowledged that Acopia sent its Serving Transfer Notice to Plaintiff on Dec 17, 2024, which actually is 15 days prior to Jan 1, 2025, and not 14 days as miscalculated and alleged by Plaintiff, therefore making Acopia's notice, as plead in the Complaint, compliant with 12 U.S.C. §2605(b)(1). (Doc. # 33, ¶17, 34 & 63).

19. Plaintiff has plead in the Complaint against Acopia that there are three alleged deficiencies in the allonge transferring the loan documents to PNC, that doesn't affect Acopia, but rather PNC's ability to enforce the loan documents (Doc. # 33, ¶¶19 through 22).

20. Plaintiff has plead in the Complaint against Acopia that the allonge is allegedly unauthenticated, in blank, naming Acopia as payee (Doc. # 33, ¶¶47 & 48).

21. Plaintiff has plead in the Complaint against Acopia that while Acopia originated the loan, Acopia has not demonstrated any interest in the Note or Mortgage at issue, and acknowledges that Acopia currently has no interest in them (Doc. # 33, ¶59).

22. Plaintiff concedes that Acopia has no interest in either the Mortgage or Note. (Doc. # 33, ¶59).

23. Plaintiff alleges only two separate, but different, RESPA violations by Acopia in Count III of the Complaint. (Doc. # 33, ¶¶62 & 63).

24. Plaintiff has plead in the Complaint against Acopia conclusory claims in Count III for actual damages, statutory damages, and attorney's fees (Doc. # 33, ¶64).

25. Plaintiff has now dropped his claim for entitlement to attorney's fees under Count III. (Doc. # 40, pg. 17).

Respectfully submitted,

Nason Yeager Gerson Harris & Fumero, P.A.
*Counsel for Defendant Acopia, LLC*
3001 PGA Blvd., Suite 305
Palm Beach Gardens, FL 33410
Tel: (561) 982-7114
*ireich@nasonyeager.com*
*etorres@nasonyeager.com*
*llavander@nasonyeager.com*
*jheredia@nasonyeager.com*

By: *__/s/ Ivan J. Reich__*
Ivan J. Reich (Fla. Bar No. 778011)

**CERTIFICATION UNDER PENALTY OF PERJURY THAT ARTIFICIAL INTELLIGENCE WAS NOT USED IN THE PREPARATION OF THIS FILING**

I have reviewed the Standing Order Requiring Disclosure of the use of artificial intelligence. Artificial intelligence was not used in the preparation of this filing.

*/s/ Ivan J. Reich*
Ivan J. Reich

**CERTIFICATION OF COMPLIANCE WITH STANDING ORDER ESTABLISHING SUMMARY JUDGMENT PROCEDURE**

I certify that I have reviewed the Standing Order Establishing Summary Judgment Procedure ("Summary Judgement Procedure Order"), and hereby certify, and provide this Court with notice that it has complied with ¶1(D) & (E) of the Summary Judgement Procedure Order by serving a copy of this Movant's Statement of Facts upon Non-Movant, Plaintiff via email this 2nd day of October 2026 via email to him at jedgrahammd@gmail.com.

*/s/ Ivan J. Reich*
Ivan J. Reich

**CERTIFICATE OF SERVICE**

I hereby certify that a true and exact copy of the foregoing is being served this 2nd day of October, 2026, upon all parties entitled to receive service through this Court's CM/ECF system,

and via email upon Plaintiff at jedgrahammd@gmail.com, and PNC's counsel, Lauren G. Raines, Esq., @ lraines@bradley.com, and Jessica Noelle Faucher, Esq., @ jfaucher@bradley.com.

*/s/ Ivan J. Reich*
Ivan J. Reich